## HAWKES vs. DODGE COUNTY MUT. INS. CO.

### APPEAL FROM CIRCUIT COURT, ROCK COUNTY.

Heard March 10.]                                    [Decided June 4, 1860.

### Mortgage—Finding—Pleading—Insurance.

Where an agent of the mortgagee loaned to the mortgagor the amount due on the
   mortgage, and without paying over the money, declared that the mortgage was
   paid; such a transaction is a payment of the amount due as much as if there had
   an actual exchange of the money taken place, and the mortgage was extin-
   quished.

Where facts are averred in the complaint, and not denied or confessed in the answer,
   there need be no finding of such facts by the court or jury, in order to sustain
   the judgment.

In an action tried by the judge without a jury, the judge found orally that there was
   sufficient evidence of a fact in issue; but said nothing about it in his written
   finding, it will be disregarded on a question to reverse the judgment for an in-
   sufficient finding.

An insurance company set up as a defense to an action, that the plaintiff had leased
   the premises, a dwelling house, to a tenant, and also had allowed them to stand
   unoccupied, and thereby increased the risk, &c., but did not aver that there was
   any thing in the by-laws of the company which prevented the owner from so
   using the house; such an averment is not a good defense.

This was an action commenced by Rebecca Hawkes, to recover $435, the amount of loss incurred by fire, in the destruction of her house and furniture. The answer denied generally the debt, and then averred that when they issued the policy of insurance, the plaintiff represented that the property was unincumbered by mortgage, when in truth and in fact, at that time, she had bargained, sold and conveyed the dwelling-house and premises upon which the same was situated, to Eliza Taylor, by mortgage, and which was unpaid and undischarged. That also after the policy was issued, she had sold the premises to Atherton; and that for several months previous to the burning of the house, it had been occupied by a tenant instead of the plaintiff; and that it had been unoccupied; and that no notice of the situation of said house or its occupation had been given, nor had the defendants given their permission or consent to the plaintiff to make the change; and that this greatly increased the risk, was a violation of the policy, and that the house was burned in consequence of such increased risk.

The action was tried by the judge, a jury being waived, who found, orally, "that there was sufficient evidence of title in the plaintiff; that it appeared from the testimony that an arrangement had been made between the witnesses, Atherton and Hudson, for the payment of said mortgage; that such arrangement was made prior to the making of the application for insurance by the plaintiff, and that such mortgage was not, at the time of making such application, in fact a lien upon said house and lot, and that the plaintiff was entitled to recover of the said defendant."

He also found, in writing, "That the defendant, on the 10th day of June, 1856, executed and delivered the policy of insurance in the complaint in this action mentioned, upon the dwelling-house of the plaintiff, two hundred and fifty dollars, and household furniture therein, one hundred and fifty dollars, and on wearing apparel, twenty-five dollars; that on the 30th day of July, 1856, the said dwelling-house was consumed by fire, together with household furniture and wearing apparel therein, without the privety or knowledge of the plaintiff, and not by military insurrection or invasion; that notice of said loss was given to the defendants, according to the terms of said insurance.

"And as a question of law, that the defendants became liable to the plaintiff upon said policy of insurance, in the sum

of two hundred and sixty dollars, and interest from the first day of December, 1856; and that the said defendants owe the plaintiff the sum of two hundred and ninety-six dollars and forty cents, at the date of this judgment, besides costs of this action."

Upon this finding, judgment was entered, and the defendants appealed.

*J. H. Knowlton and John Ware*, for appellant.

*Hudson & Comstock*, for respondent.

*By the Court*, COLE, J. This was an action on a policy of insurance, and the answer set up, that there was an incumbrance by mortgage on the property, at the time of the application for insurance, and that the plaintiff falsely represented that there was no incumbrance. The facts were, that the witness, Atherton, before the application, had made an arrangement with Hudson, the attorney, who was foreclosing the mortgage, by which he paid him $130; and Hudson loaned him the balance necessary to pay off the mortgage, by accepting his personal responsibility for that balance, and considered the mortgage paid, and discontinued the suit. Atherton then told the plaintiff that the mortgage was paid, and she made the application accordingly.

We think the court below properly held that this mortgage was no longer an existing incumbrance on the land, although it was not yet discharged of record. We think it was just as much paid as though Hudson had actually handed over the money to Atherton as a loan, and then Atherton had paid it back on the mortgage. That was the substance of their agreement; and Hudson retained the money as a payment, instead of handing it over, and immediately taking it back. The merits of the question certainly cannot turn upon the performance of such an idle ceremony.

The money having been paid, the mortgage was extin-

guished. If not discharged of record, that did not make it an existing incumbrance. It only left the records in such condition that they did not show its payment. But that could not prevent its being otherwise shown.

Several objections are taken in the brief of the appellant's counsel, to the finding of the facts by the court, for want of sufficiency and certainty. It is said that the finding is not sufficient with respect to the notice of loss, of the value of the property, &c. But the obvious answer to these objections is, that the facts are averred in the complaint, and are not denied in the answer, and are therefore taken to be true. It is as unnecessary for the court to find the facts admitted by the pleadings, as it was unnecessary for a special verdict to state them.

The answer avers the existence of the mortgage, which matter we have already disposed of. It avers on information and belief that before the property was destroyed, the plaintiff had conveyed her interest in it to Atherton. The evidence clearly showed that this was not so. That she conveyed to Atherton only lot 2, whereas the house was upon lot 1. But upon this point it must be conceded, that the written finding is not as certain as it ought to be. It does not state that the house, at the time of its destruction, belonged to the plaintiff. Perhaps it would be impossible to support it, if it did not appear that at the time the cause was submitted, the judge delivered his decision, " that there was sufficient evidence of title in the plaintiff;" and this is made a part of the bill of exceptions, which is signed by the judge. Section 20, chap. 132, R. S., requires the judge, although he has once filed his written finding, in settling the exceptions, to " briefly specify the facts found by him, and his conclusions of law." It appears here that the judge did, in his oral decision, find that the plaintiff had title, thus passing on the issue made by the answer on that point, but in afterwards filing his written finding, he did not distinctly pass upon it. Then in settling

the bill of exceptions, he finds it stated that he did pass upon that question in his oral decision, and he signs it. It being merely a technical point, we are inclined to regard this as sufficient to prevent a reversal of the judgment for want of a finding on all the issues. But it would be well for attorneys, in all actions at law, where the judgment depends on the sufficiency of the finding, to see that the findings are sufficient in point of form, and pass upon the issues made. Though it might be difficult for them to do this when the judge prepares his finding himself, and files it without their having any opportunity to inspect it, or suggest alterations in point of form.

The only other averment in the answer is, that the plaintiff had leased the house, and that at the time it was destroyed, it was unoccupied; and it is averred that this increased the risk, and that the change was made without the consent of the defendant, and therefore it avoided the policy.

There is a clause in the policy, that if, during its life, the premises should be altered so as to be used in carrying on " any trade, business or vocation which, according to the by-laws and conditions, class of hazards or rates thereto annexed, would increase the hazard," without the consent of the company, in writing, it should avoid the policy. The by-laws and conditions upon this point are not made a part of the case, probably for the reason that no reliance was placed upon it. It is quite obvious that when premises become vacant by reason of a tenant leaving them, that is not devoting them to a "trade, occupation or business" which increases the hazard. And if there is anything in the by-laws or conditions which prevented the owner from leasing the premises, or from leaving them unoccupied, the answer should have averred it. As it is, we do not think this part of it sets forth any defense.

The judgment must therefore be affirmed, with costs.