## A. M. CARPENTER v. TOWN OF CORINTH.

*Expert Evidence. Practice. Questions to Witness not Evidence. Opinion. Highway.*

1. Questions put to a witness by counsel are not evidence. The excepting party must show that the answers were prejudicial; and where these are not given in the exceptions, no error will be found.

2. EXPERT—PRACTICE—EXCEPTIONS. The court cannot say that it was error to exclude the opinion of a witness offered as an expert, when the exceptions fail to show that the court below decided as a preliminary question that he was qualified as an expert. And this is so, although a witness on the other side of the case had given a contrary opinion, it not appearing whether on direct or cross-examination.

3. OPINION. In an action to recover for injuries that occurred to one traveling on the highway, whose horse ran, and the bits attached to the harness broke, and it became important to determine what effect the breaking of the bits had as to the accident; *Held*, (*a*) that the testimony of a witness was not admissible to prove that bits in a horse's mouth could be broken by pulling on the reins; (*b*) or that the witness had had bits broken in a way similar to that the plaintiff claimed his were broken.

ACTION to recover for injuries alleged to have been occasioned by the insufficiency of a highway. Trial by jury, June Term, 1884, Orange County, ROWELL, J., presiding. Judgment for the defendant.

The exceptions stated: "Doe, one of the selectmen of the defendant town, was produced as a witness, on the part of the town, and was asked on the direct examination by counsel for the defendant whether he learned. of anybody who pretended to know, that the tracks of the plaintiff, either horse or wagon, went into that gully on that occasion. The question was objected to. The counsel for the defendant said, it was to draw the inference that the claim had not been made at the time he went out of office. The objection was overruled, and the witness allowed to answer."

The answer did not appear in the exceptions.

*Farnham & Chamberlin* and *John H. Watson,* for plaintiff.

Carleton's testimony was admissible. 1 Best, Ev. s. 316; *Piggot* v. *East. Counties R. Co.* 3 Man. & G. 228, 240; *Hinds* v. *Barton,* 25 N. Y. 544; *Hogan* v. *Northfield,* 56 Vt. 721; 11 Pick. 161.

That the witness should have been allowed to state his opinion, see *Morse* v. *Brawford,* 17 Vt. 499; *Sherman* v. *Blodgett,* 28 Vt. 149; *Cheney* v. *Ryegate,* 55 Vt. 499; *Westmore* v. *Sheffield,* 56 Vt. 239; *Knight* v. *Smythe,* 57 Vt. 529.

It was also legal evidence in rebuttal. *Hogan* v. *Northfield, supra; State* v. *Meader,* 54 Vt. 126; *Lytle* v. *Bond's Est.* 40 Vt. 618; *Gotleib* v. *Leach,* 40 Vt. 278.

*J. K. Darling* and *R. M. Harvey,* for defendant.

It does not appear what the witness's answers were; so error cannot be predicated on them. *Randolph* v. *Woodstock,* 35 Vt. 291; *Harris* v. *Holmes,* 30 Id. 352; *Beard* v. *Murphy,* 37 Id. 99.

Carleton's testimony was properly excluded. *Crane* v. *Northfield,* 33 Vt. 124; *Oakes* v. *Weston,* 45 Id. 430; *Campbell* v. *Fair Haven,* 54 Id. 336; *Haynes* v. *Burlington,* 38 Id. 350; *Hine* v. *Pomeroy,* 40 Id. 103; *Richmond* v. *Aiken,* 25 Id. 324.

As to expert testimony, see *Fraser* v. *Tupper,* 29 Vt. 409.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action brought to recover for injuries to the plaintiff's person and property occasioned by the insufficiency of a highway. The first exceptions taken were to the permitting certain questions to be put to the witnesses, James W. Doe and John B. Locke. It does not appear what answers were given to the questions. It is incumbent on the plaintiff to show that the answers were prejudicial to him. The court cannot presume that they were; and nothing here shows that they might not have been favorable to the plaintiff. The questions were not evidence, and it was not error to allow them to be put.

The insufficiency complained of in the highway was a gully nearly in the center of it and extending several rods, into which the plaintiff drove in the night-time. It appeared that the bits attached to the harness of one of the horses the plaintiff was driving were broken, and it was an important question what effect the breaking of these bits had in bringing about the accident, and whether they could have been broken by pulling on the reins, or by the horse stepping into the gully. As tending to show how they were broken, the plaintiff offered to prove by one Carleton that bits in a horse's mouth could be broken by pulling on the reins, and particularly if the horse stepped into any hole or depression that would let him down. It was an offer to give the opinion and judgment of the witness in evidence upon a question that it was the exclusive province of the jury to determine, and upon which they were as well qualified to judge as the witness.

Neither was it allowable to show by the same witness that he had had bits broken in a way similar to the way plaintiff claimed his were broken. If testimony of that character is to be admitted it should certainly first be shown that the bits were similar in strength and construction.

The plaintiff then offered to inquire of the same witness, as an expert, how, in his judgment, the bits could have been broken. It will be observed that it does not appear that the court had decided that the witness was qualified to testify as an expert at the time the offer was made. Whether he was so qualified or not was a preliminary question to be determined by the court, and it not being shown that the court had decided that he was so qualified, we cannot say that it was error to exclude his opinion. The fact that a witness for the defendant had testified without objection that in his opinion the bits were not broken in the manner claimed by the plaintiff, would not render the opinions offered admissible. It does not appear whether the opinion given by this witness was upon his direct or cross-examina-

tion, and all reasonable presumptions are to be made in support of the judgment. If that opinion was given in cross-examination, it was not allowable for the plaintiff to introduce the opinions of others in opposition to it.

There was no error, and the judgment is affirmed.