## LEMUEL SMITH AND EMILY A. SMITH, HIS WIFE, v. THE NIAGARA FIRE INSURANCE COMPANY.

### Insurance. Agent. Waiver.

1. PRACTICE. Error will not be found in an unanswered question put to a witness.

2. PRESUMPTION. The payment of a mortgage note is not presumed until fifteen years have elapsed after the note had matured.

3. An undischarged mortgage, which has been paid, is not an incumbrance on property insured.

4. WARRANTY. The assured warranted that they had "not omitted to state to the company any information material to the risk." At the time the insurance was taken there was an undischarged mortgage on the property, but the mortgagee had voluntarily destroyed the note secured by it, which was not known by the assured; Held, that a failure by the assured to state that they believed that the property was mortgaged was an omission of a statement material to the risk; or, at least, it was evidence from which that might have been found. And if it was a question of law, a verdict should have been ordered for the defendant; if of fact, it should have been submitted to the jury with proper instructions.

5. AGENT. A general agent of an insurance company, who has a supervision of all its affairs, unless restricted in his power, and this is known to the plaintiff, has authority to waive a statement of the loss, although by the terms of the policy that was a condition precedent to recovery.

6. But a local agent, who never had been held out by the company as possessing any authority, except to receive proposals for insurance, fix rates of premium and issue policies, has no power to waive the condition of a policy requiring a statement of loss; and there was error in the charge, when the jury were at liberty to find a waiver from the declarations of either the local or general agent.

7. WAIVER. But the general agent cannot waive the statement of loss in a manner other than that provided for in the policy; thus, he cannot give an oral consent to a waiver, when by the terms of the contract the waiver must be indorsed on the policy.

ASSUMPSIT upon an insurance policy. Plea, general issue. Trial by jury, September Term, 1887, Ross, J., presiding. Verdict for the plaintiffs.

The application for said insurance was in writing, dated

July 14, 1886, signed by the said Emily A. Smith, and contained the statement that there was no incumbrance upon the property.

Said application also contained the following clause : "And I hereby covenant and agree that the foregoing statement, valuation, description and survey are true and correct; and they are submitted as my warranty and a basis for the desired insurance. The company shall not be bound by any act done or statement made to, or by any agent, or other person, which is not contained in the application; and this application shall be deemed and considered a part of the policy to be issued hereon, and bearing even number herewith."

The policy of insurance issued upon the foregoing application was written by Messrs. Cudworth & Childs, defendant's agents, located at Brattleboro; is dated July 16, 1886, numbered 5219.

Immediately succeeding the fire the plaintiffs notified Messrs. Cudworth & Childs of the loss; and in a few days thereafter Mr. Cudworth, in company with Mr. Henry R. Turner, the defendant's general agent, having the supervision of all the company's affairs and its adjuster of losses, within and for the New England states, visited the premises, examined the property damaged by the fire, and the schedule of property destroyed therein which the plaintiffs had prepared in anticipation of said adjuster's visit.

The evidence of the plaintiff tended to show that at this visit they furnished Mr. Turner with such knowledge and information as they then had relative to the origin and circumstances of the fire, and also agreed as to the amount and value of the property damaged and destroyed as shown by the said schedule in writing furnished as aforesaid; that owing to the fact that rumors were afloat in that community in regard to said fire being of an incendiary origin, and with which the plaintiffs' names were connected, Mr. Turner desired to make some further inquiry before making a final adjustment; that plaintiffs requested Mr. Turner to make a full and thorough

examination, and satisfy himself as to the cause and origin of the fire ; that they were ready and willing to make a sworn statement relative to said fire and the property damaged ‘and destroyed, which, in their opinion, when made, would be much greater in amount and value than was shown by said schedule.

Against the objection and exception of the defendant, both of the plaintiffs were permitted to testify that on the occasion of the aforesaid visit, and in reply to their declaration of a willingness to make a sworn statement, Mr. Turner said to them that he was satisfied that property to the full amount of the insurance had been destroyed, and that no statement in writing, sworn to, was required of them, and that he would see them again relative to said adjustment in a very short time ; that when Mr. Turner left he carried away with him the schedule of property which plaintiffs had prepared as aforesaid, and upon which the valuations agreed as aforesaid had been carried out. The plaintiffs did not again see Mr. Turner until July, 1887, and after suit was brought.

The defendant insisted that the plaintiffs were not entitled to recover, and that a verdict should be directed for the defendant for the following reasons :

1. Because the property was incumbered by the mortgage to Orinda Eames of July 2, 1870, to the amount of $800, to secure the note of that amount payable in five years from the date last aforesaid, which said note and mortgage has never been paid and discharged.

2. Because at the time the application for the insurance was made, and upon which the defendant company issued the policy upon which this suit is brought, she, the said plaintiff, represented that the property insured was not incumbered, when in fact the plaintiffs had executed the mortgage aforesaid, and had not paid the same, and had no reason to believe but what said mortgage was a valid and subsisting claim and mortgage at the time said application for insurance was made.

3. Because the plaintiffs did not render to the defendant, within thirty days after the fire, a particular statement of the loss, signed and sworn to by the assured, as is required by

paragraph 3 of the 6th subdivision of the policy and contract of insurance. And, further, that the jury should be charged that the rendering of such a statement, sworn to by the assured, was a condition precedent to the plaintiffs' right to recover.

4. That to constitute a waiver, or in other words, to justify the jury in finding that the defendant had waived the requirement of proof of loss, as specified in the policy, they must be satisfied that such requirement was waived by a party having authority so to do, and that such party intentionally and understandingly relinquished a well-known right—that is, the performance of a condition which the company had a right to insist upon.

The following was a part of the policy :

" WARRANTY OF THE ASSURED.

" The assured, by the acceptance of this policy, hereby warrants that any application, survey, plan, statement or description connected with procuring this insurance, or contained in, or referred to in this policy, is true, and shall be a part of this policy ; that the assured has not overvalued the property herein described, nor omitted to state to this company any information material to the risk ; and this company shall not be bound under this policy by any act of, or statement made to, or by, any agent or other person, which is not contained in this policy or in any written paper above mentioned.

It is also a part of this warranty that if this policy shall be continued by renewal it shall be considered as continued under the original representations ; and that any change in the risk, not made known to this company at the time it is so continued shall render this policy void."

*Haskins & Stoddard*, for the defendant.

The court should have ordered a verdict for the defendant, as requested. The plaintiffs should have disclosed the incumbrance on the property. It was a material fact.

In the *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. 25 (Curt. Ed. 10), MARSAALL, Ch. J., says : " The contract of insurance is one in which the underwriters generally act on the representation of the assured, and that representatation ought con-

sequently to be fair, and to omit nothing which it is material for the underwriters to know.   *   *   *   Fair dealing requires that he should state everything which might influence, and probably would influence, the mind of the underwriter in forming or declining the contract." s. c. 10 Pet. 507. The above is approved in *Farmers M. F. Ins. Co.* v. *Marshall*, 29 Vt. 23. The statements of the plaintiffs by the application were express warranties. May on Insurance, s. 156 ; *Boardman* v. *N. H. Ins. Co.* N. H. 551 ; *Hayward* v. *N. E. Mut. F. Ins. Co.* Cush. 444 ; *Towne* v. *Fitchburg Mut. F. Ins. Co.* 7 Allen, 51 ; *Campbell* v. *N. E. Mut. F. Ins. Co.* 98 Mass. 381.

It is the duty of assured to disclose all material facts. *Vose* v. *Ins. Co.* 6 Cush. 42 ; *Patten* v. *Ins. Co.* 38 N. H. 338 ; *Daniels* v. *Ins. Co.* 12 Cush. 425. The assured furnished no proofs of loss. The furnishing such proofs was a condition precedent to a right to recovery. *Donahue* v. *Windsor Co. M. F. Ins. Co.* 56 Vt. 374 ; *Findeisen* v. *Ins. Co.* 57 Vt. 520.

The local agent was not empowered to waive the conditions of the policy. *Barrett* v. *Union Mut. F. Ins. Co.* 7 Cush. 175 ; *Worcester Bank* v. *Hartford Fire Ins. Co.* 11 Cush. 265 ; *Hale* v. *Mechanics Mut. Fire Ins. Co.* 6 Gray, 169 ; *Kimball* v. *Howard Fire Ins. Co.* 8 Gray, 37 ; *Tate* v. *Citizens Mut. Fire Ins. Co.* 13 Gray, 79 ; *Shamut Sugar Refin. Co.* v. *Peoples Mut. Fire. Ins. Co.* 12 Gray, 535 ; *Harrison* v. *City Fire Ins. Co.* 9 Allen, 231 ; *Lohnes* v. *Ins. Co. of North America*, 121 Mass. 439 ; *Kyte* v. *Commercial Union Ass. Co.* 144 Mass. 43 ; *Putnam* v. *Fitchburg Mut. Fire Ins. Co.* vol. 5 N. E. R. 289.

A waiver of the condition relating to the furnishing proofs of loss, to be effectual, must have been in writing and indorsed upon said policy. *Mulrey* v. *Shamut Mut. Fire Ins. Co.* 4 Allen, 116 ; *Worcester Bank* v. *Hartford F. Ins. Co.* 11 Cush. 265 ; *Hale* v. *Mechanics Mut. Fire. Ins. Co.* 6 Gray, 169 ; *Kyte* v. *Commercial Union Ass. Co.* 144 Mass. 43 ; *Putnam Tool Co.* v. *Fitchburg Mut. Ins. Co.* vol. 5 N. E. R. 289 ; *Cleaver* v. *Traders Insurance Co.* 8 N. W. R. 816.

*Waterman, Martin & Hitt* and *S. T. Davenport*, for the plaintiffs.

The mortgage was extinguished as an incumbrance, when the note was destroyed. *Briggs* v. *Fish*, 2 D. Ch. 100; *Seymour* v. *Darrow*, 31 Vt. 122; May Ins. s. 292; *Hawkes* v. *Ins. Co.* 11 Wis. 188; *Merrill* v. *Ins. Co.* 73 N. Y. 452.

The defendant was not injured by the statement that there was no incumbrance; and it was in fact true. Mrs. Eames could have been compelled to discharge the mortgage. *Ring* v. *Ins. Co.* 54 Vt. 434; *Brink* v. *Ins. Co.* 49 Vt. 442.

After the lapse of fifteen years, there was a presumption of payment. *Whitney* v. *French*, 25 Vt. 663. Turner was the defendant's general agent. Clothed with this unlimited authority he went on and adjusted the loss. No restriction in the policy as to the acts of the company's agents could affect him. He was the company for all purposes connected with the adjustment of losses. May Ins. s. 151.

An agent may act within the general scope of his real or apparent authority. Wood Ins. s. 383. In all cases the binding force of an act done or omitted by an agent, is to be measured by his apparent authority, and is to be determined by the jury. Wood Ins. 681, s. 403; May Ins. s. 509.

Plaintiff might fairly infer from what had taken place that if Cudworth said anything about it he would speak for the company he represented. May Ins. ss. 152, 143. Cudworth's authority as agent was a question for the jury. His power of attorney from the company was simply a matter between him and the company. Wood Ins. s. 391; May Ins. 154. See *Boutelle* v. *Ins. Co.* 51 Vt. 4.

Whether or not there has been a waiver is always a question of fact for the jury. *Findeisen* v. *Ins. Co.* 57 Vt. 520; *Donahue* v. *Ins. Co.* 56 Vt. 374; *Mosley* v. *Ins. Co.* 55 Vt. 142. Turner and Cudworth had authority to waive the sworn statement. Wood Ins. s. 395. The only objection or question raised by Turner, after being furnished a schedule, and agreeing upon the values, being as to the origin of the fire,

constitutes a waiver of all other objections. *Brink* v. *Ins. Co.* 80 N. Y. 108; *Goodwin* v. *Ins. Co.* 73 N. Y. 480; May Ins. ss. 468, 470; Wood Ins. 715, 718, 723; *Walsh* v. *Ins. Co.* 54 Vt. 351; *Mosley* v. *Ins. Co.* 55 Vt. 142; *Ins. Co.* v. *Wilkinson*, 13 Wall. 232; *Brink & Co.* v. *Ins. Co.* 49 Vt. 442. If the agent of an insurance company, after an examination of the circumstances attending the loss, informs the insured that he cannot recommend the company to pay the loss because it appears by his statement that he has sold more goods than he had purchased, this is a denial of all liability on the part of the company and a waiver of its right to demand the usual proofs of loss. May Ins. s. 505; *McBride* v. *Ins. Co.* 2 Ins. L. J. 271.

Limitations in policies upon the authority of agents to waive any conditions therein, refer to that part of the policy properly termed conditions essential as a part of the contract, but not to those stipulations to be performed after loss, such as furnishing a sworn statement. May Ins. ss. 511, 473, and cases cited.

The opinion of the court was delivered by

TAFT, J. I. The defendant objected to an inquiry of a witness upon the subject of damages. Conceding the question to have been improper, the exceptions do not show that it was answered. To avail the defendant, it must so appear, and that the answer was prejudicial to it. *Carpenter* v. *Corinth*, 58 Vt. 214.

II. The assured warranted that there was no incumbrance upon the property. There was then upon record, an undischarged mortgage for eight hundred dollars, with accrued annual interest for sixteen years. The plaintiffs claimed that the presumption of payment applied, fifteen years having then elapsed since the date of the note and mortgage. The note matured in July, 1875, and it was at the latter date that the fifteen years began to run, so as to afford a presumption of payment from lapse of time. The fifteen years have not yet expired, the presumption, therefore, did not arise.

III. Was the undischarged mortgage an incumbrance within the meaning of an insurance contract? It has sometimes been so held,— *Warner* v. *Middlesex Mut. Ass. Co.* 21 Conn. 444; *Muma* v. *Niagara, etc., Ins. Co.* 22 U. Can. (Q. B.) 214,—but we think the doctrine generally prevails, that if the mortgage debt has been paid, the undischarged mortgage is not an incumbrance,—*Merrill* v. *Agri'l Ins. Co.* 73 N. Y. 452; *Hawkes* v. *Dodge Co. M. Ins. Co.* 11 Wis. 188, as cited in Bates Dig. Fire Ins. Dec. 256, and we so hold.

IV. The assured warranted that they, at the time of the contract, had "not omitted to state to the company any information material to the risk." The undischarged mortgage was held by Mrs. Eames, and she had prior to that time, secretly and voluntarily destroyed the note, but the assured had not been informed of that fact, so that they must have believed that the mortgage debt was then a valid subsisting lien upon the property. No payment had been made on either the principal or interest. The more important question in respect to the mortgage is, whether the failure to state to the company that they believed the property was mortgaged was not an omission to state information material to the risk. Statements as to incumbrances are material; they are made so by the policy; they have regard to the risk. The object of inquiry in respect thereto, is to ascertain the interest of the applicant in the property, so that the insurer can take into consideration the interest the applicant has in its preservation. He may have none, so that fire may occur from his neglect, or his active participation in its origin. The value of the property burned as found by the jury was eight hundred and thirty-seven dollars; it was insured for thirteen hundred and fifty, nine hundred upon the buildings, the remainder upon their contents. The real estate was mortgaged for more than sixteen hundred dollars, as the plaintiffs then believed. Had the mortgage debt still existed, the statute barred any recovery upon the notes, and the policy was not payable to the mortgagee in case of loss. If the buildings did not burn, the property would be

44

held by the mortgagee; if they did, the assured would receive their value as the avails of the policy would belong to them. The moral hazard was exactly the same if they believed the property mortgaged, as it would have been, had the mortgage in fact existed. We think that when they failed to state the fact that they believed the property was mortgaged, they omitted to state information material to the risk, at least their failure was evidence from which that fact might have been found. We have no occasion to pass upon the point of whether this was a question for the court or jury. If it was a question of law, the court should have complied with the second request; if of fact, it should have submitted it to the jury with proper instructions. The question under the claim of the defendant and the evidence, was in the case, should have been disposed of either as one of law or fact, and was saved by the exception to the charge raised by the second request.

V. By paragraph three of the sixth condition of the policy it was the duty of the assured in case of loss, to furnish the defendant, within thirty days, a statement of the loss, signed and sworn to. It is conceded that no statement was furnished. It was a condition precedent to a recovery, as it was so provided by the terms of the policy. *Donahue* v. *Ins. Co.* 56 Vt. 374. That the proofs of loss may be waived by the company is unquestioned. *Findeison* v. *Metropole Ins. Co.* 57 Vt. 520. The plaintiffs claimed upon trial that the proofs of loss were waived; the jury so found. The evidence upon which this finding was based was the testimony of the plaintiffs, as to the declarations of Turner and Cudworth, who, as the plaintiffs claim, were acting as the agents of the defendant. Turner was the general agent of the defendant, having supervision of all its affairs, and its adjuster of losses; and unless restricted in his authority, the plaintiffs having notice thereof, we think had all the power of the company, in the settlement of a loss, to waive any of the conditions of the policy.

VI. Cudworth was the local agent of the company with

power to receive proposals for insurance, fix rates of premiums, and issue policies. It does not appear that he was ever held out by the defendant as possessing any other authority or ever acted in the settlement of losses. We think he had no authority to waive that condition of the policy requiring a sworn statement in the settlement of a loss, although he might unless restricted, waive conditions concerning the issuance of a policy, or anything apparently within the scope of his authority, in the business committed to him. We recognize the full force of the rule as to the liability of the principal for the acts of an agent, as stated in *Ins. Co.* v. *Wilkinson*, 13 Wall. 222, " that the powers of an agent are *prima facie*, co-extensive with the business instrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals." The settlement of losses was no part of the business of Cudworth; he was not for that purpose the defendant's agent. *Bowlin* v. *Hekla Fire Ins. Co.* (Minn.) 16 Ins. L. J. 305 ; *Kyle* v. *Commercial Un. Ass. Co.* (Mass.) *ibid*, 330. The jury were at liberty under the charge, to find a waiver from the declarations of either Turner or Cudworth. If they found it from those of the latter, it was error, as he possessed no authority to waive a sworn statement; and as the waiver may have been found from the illegal testimony, there was error in this branch of the case, irrespective of the question of the authority of Turner.

VII. Having held that Turner had authority to waive any condition of the policy, the question remains whether he could do so save in the manner provided by the contract. One condition of the policy is that no officer, agent or representative of the company should be held to have waived any of the conditions of the policy unless such waiver was indorsed on the policy. This provision was a valid one, binding upon the parties, and effect should be given to it. While the defendant could give its *oral* consent to a waiver of the statement, no officer, agent or representative could consent unless the consent was indorsed on the policy. This point we think well taken. In *Carrigan*

v. *Ins. Co.* 53 Vt. 418, the contract provided that *no agent* was empowered to waive any of its conditions without special authority, etc., and it was held that this term referred to local agents, not general ones, and the case notes the distinction between the two ; here the limitation is upon the authority of any officer, agent or representative. If Turner was not an officer, he was certainly a representative, and his want of authority to waive any condition unless by writing, indorsed on the policy was brought to the knowledge of the plaintiffs by the contract itself; and where an agent's acts are in excess of such authority the principal is not bound. *Ins. Co.* v. *Wilkinson, supra; Packard* v. *Dorchester M. F. Ins. Co.* (Me.) 15 Ins. L. J. 475.

Where an agent has apparent authority to do an act, his principal is bound, and if the latter claims that the act is in excess of the agent's real authority he should show actual notice to the party with whom he deals. In the case at bar the law presumes notice ; it is a part of the contract, the plaintiffs agreed to it. Why should they be released from their agreement ?

In *Walsh* v. *Hartford Fire Ins. Co.* 73 N. Y. 5, the court were called upon to meet a question similar to the one involved here, and they said : " The company could itself dispense with this condition by oral consent as well as by writing, and Carpenter (the agent), unless specially restricted, would have possessed, in this respect, the power of the principal. But the policy contains the provision that no agent of the company shall be deemed to have waived any of the terms and conditions of the policy unless such waiver is indorsed on the policy in writing. This is a plain limitation upon the power of agents, and can mean nothing less than that agents shall not have the power to waive conditions except in one mode, viz., by an indorsement on the policy. The plaintiff is presumed to have known what the contract contained, and the proof tends to the conclusion that this provision was brought to his notice. He saw fit, however, to accept the assurance of the

agent that an entry in the register was sufficient. It is diffi-
cult to see how, upon the law of contracts and agency, the
plaintiff can recover. The entry in the register was not an
indorsement on the policy. The oral consent was an act in
excess of the known authority of the agent. The provision
was designed to protect the company against collusion and
fraud, and the dangers and uncertainty of oral testimony. The
case seems to be a hard one for the plaintiffs; but courts can-
not make contracts for parties, nor can they dispense with
their provisions."

The same court, in *Marvin* v. *Universal Life Ins. Co.* 85
N. Y. 278, in disposing of an analogous question, said : " Here
the policy in plain terms denied to any agent, local or general,
the power to waive conditions, reserved that authority solely
to the ' head office,' and some officer of the company there,
and gave notice to the assured upon the face of his policy of
the existence of this restriction. Henkle therefore had no
power to waive payment."

The same rule has been followed in Massachusetts. *Forbes*
v. *Agawam M. F. Ins. Co.* 9 Cush. 470. In *Worcester
Bank* v. *Hartford F. Ins. Co.* 11 Cush. 265, under a like
limitation, an agent took the policy, made a memorandum on
a book, and told the assured that it was the same as if indorsed
on the policy; the court held that the policy was void. In
*Hale* v. *Mechanics' M. F. Ins. Co.* 6 Gray, 169, the policy
prohibited previous insurance without the consent of the presi-
dent in writing; it was held that the policy was invalid,
although the jury found an oral consent by the president. The
same question arose in the late case of *Kyte* v. *Un. M. Ass.
Com. supra.* After discussing the question of the agent's
authority, the court said : " Even if the agent had the fullest
authority, could the conditions of the policy be waived other
than in the manner in which they provide for such waiver.
The company, which has seen fit to prescribe that the terms
and conditions of its policy shall only be waived by its written
or printed assent, has prescribed only a reasonable rule to

guard against the uncertainties of oral evidence, and by this the assured has assented to be bound." If in this case Turner, by consenting orally to a waiver of the proofs of loss, can estop the defendant from raising this defence, then the clause of the contract requiring the waiver of a condition to be indorsed on the policy is rendered nugatory. No one can successfully contend that the company has not the right to restrict the power of its agents; and when such power is limited, is there any good reason why such limitation should not bind the assured? The plaintiffs cannot rely upon their ignorance of the terms of their contract; certainly not in the absence of fraud, and none is claimed in this case. In the late case of *Cleaver* v. *Traders' Ins. Co.* 16 Ins. L. J. 744, the Supreme Court of Michigan conclude an opinion in a case involving the question, as follows: "When the policy of insurance, as in this case, contains an express limitation upon the power of the agent, such agent has no legal right to contract as agent of the company with the insured, so as to change the conditions of the policy, or to dispense with the performance of any essential requisite contained therein, either by parol or writing; and the holder of the policy is estopped, by accepting the policy, from setting up or relying upon powers in the agent in opposition to limitations and restrictions in the policy."

To bind the defendant by a waiver of the proofs of loss, it should have been indorsed on the policy.

Judgment reversed, and cause remanded.