CHARLES MAYNARD *v.* TOWN OF WESTFIELD.

January Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 9, 1914.

*Highways—Culverts—Lack of Guard Rail—Action for Injury— Liability—Question for Jury—State Highway—Contributory Negligence—Proximate Cause of Injury.*

In an action against a town for an injury to a horse caused by his becoming frightened and jumping off the side of a culvert in the highway, whether the culvert should have had a guardrail was a question for the jury, where that depended on a variety of circumstances, such as the length of the culvert, the width of the road, the character and topography of the surroundings and the amount and kind of travel.

The testimony of nonexpert witnesses that the culvert as constructed was sufficiently safe was properly excluded.

The statute giving the State control of the construction of state highways and of culverts therein in no way relieves the towns from their statutory liability for injuries to travelers on such highways.

The statute giving the State control of the construction of a state highway does not prevent the towns through which such highways pass from remedying any dangerous conditions left therein by the state authorities.

In an action against a town for an injury to a horse, caused by his becoming frightened and jumping over the side of a culvert in the highway, where the county supervisor, called by the defendant, had testified on cross-examination that he could have constructed a railing at that side of the culvert which would not have interfered with the travel, the court properly refused to permit defendant on redirect examination to elicit that the reason witness did not construct such a railing was because it did not seem to him necessary, as that was only another way of getting his inadmissible opinion on the sufficiency of the culvert.

On the issue as to the location in the highway of an automobile when it frightened plaintiff's horse, testimony was properly received concerning automobile tracks in the highway, where, though the witness did not connect the tracks with the automobile in question, their character and location, and the proximity of the time when witness examined them warranted the inference that they were made by that automobile.

The contrary not appearing, it will be presumed on review that evidence admitted out of time was so admitted as a matter of discretion.

The doctrine of assumption of risk, as distinguished from that of contributory negligence, is peculiar to the law of master and servant, and does not apply to highway cases.

In an action against a town for an injury to a horse, caused by his becoming frightened at an automobile and jumping over the side of a culvert in the highway, *held*, under the evidence, that the questions of contributory negligence, and whether a railing on the side of the culvert would have prevented the accident were properly submitted to the jury.

Where a traveler's horse, upon being frightened by an automobile, jumped over the unprotected side of a culvert in a highway and was thereby injured, but would not have so jumped had the culvert been protected by a suitable railing, the absence of such railing was the proximate cause of the accident.

CASE for negligence. Plea, the general issue. Trial by jury at the March Term, 1913, Orleans County, *Stanton*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Young & Young* for the defendant.

*F. S. Rogers* and *J. W. Redmond* for the plaintiff.

POWERS, J.  This plaintiff seeks damages for injuries to his horse alleged to have resulted from the lack of a railing on a culvert in a highway in the defendant town.  This culvert was a part of a state road built in the fall of 1909, and was a part of the main highway from Westfield to Lowell.  The road and the culvert were in perfect condition, except that the latter had no railing or guard on its west end.

Just at nightfall, the defendant was driving southerly over this highway in a buggy, leading a horse behind.  As he approached the culvert, he found in the road just beyond it a stalled automobile.  Both of his horses were more or less afraid of automobiles.  The road at this point was wide and level, and over the culvert and for some distance each way therefrom was twenty-nine feet in width, though it was only graveled eighteen feet in width.  There was plenty of room to pass the automobile, and the two men with it offered their assistance, which the plaintiff declined.  The plaintiff was thoroughly acquainted with the road and knew that there was no railing there.  When he drove by the automobile, the horse he was driving shied a little, but not enough to affect this case, but when the led horse saw the machine, he turned away from it, jumped over the hind wheel of the buggy and over the end of the culvert into the waterway, and was injured.  The plaintiff had judgment below on a verdict rendered in his behalf, and the case comes here on the defendant's exceptions.

The defendant summarizes its claims as follows:

1.  That the culvert was properly constructed without a railing, in view of its length in excess of the width of the road.

2.  That inasmuch as this culvert was a part of a state highway, it was proper to show that it was built under the supervision of the state highway commissioner, and county supervisor, and in accordance with their directions, and as they and the town road commissioner then thought and believed sufficient and suitable for the kind and amount of travel passing over it.

3.  That because the state highway department had the exclusive control of the construction of this highway, including the culvert, and it was built under the direction of that department, the town ought not to be, and was not liable for an improper construction.

4. That the plaintiff assumed the risk and was guilty of contributory negligence in the circumstances, which barred his recovery.

5. That there was no evidence showing what kind of a railing was necessary or what kind of a railing would have prevented the accident, if any, and without such evidence, plaintiff was not entitled to recover.

6. That there was a material variance between the averments of the declaration and the proof as to the manner in which the accident happened.

It cannot be said as matter of law that a railing was not required at this culvert. This depended upon a variety of circumstances,—its length, the width of the road, the character and topography of the surroundings, the amount and kind of travel,—which were of such a character that reasonable men might differ in their views thereof; so the aid of the jury was properly required in the determination of the question.

The defendant offered to show by witnesses not shown to be ʹ experts, that as this road was located and constructed it was sufficiently safe to answer the requirements of the travel over it, and that it was safer with the elongated culvert without a railing than it would have been with a shorter culvert with a railing. This evidence was properly excluded. The question of admissibility of expert testimony in such cases is not raised. *Carpenter* v. *Corinth,* 58 Vt. 214, 2 Atl. 170. While it is held in some jurisdictions that this kind of evidence,—the testimony of nonexpert witnesses,—is admissible on the ground that it is impossible to adequately present the facts to the jury, 3 Chamb. Ev. §1836, and cases cited, our rule has for a long time been the other way. ʹLesterʹ v. *Pittsford,* 7 Vt. 158; *Crane* v. *Northfield,* 33 Vt. 124; *Weeks* v. *Lyndon,* 54 Vt. 638.

The fact that this highway was a state road and together with the culvert built under state supervision, and left without ʹ a railing by state officers, was immaterial. It is true that the statute gives the state the controlling voice in the construction of these roads, but the effect of the statute is not to take them out of the hands of the towns any further than is necessary for that purpose. The statute does not relieve the town of its statutory liability for injuries thereon, but merely provides that the expenditure of state money shall be under state control. There is nothing in the statute to have prevented the defendant from

erecting a railing at this culvert, or removing any other danger-ous condition left by the state authorities. If it had been the intent of the Legislature that the town's civil liability should be affected by the provisions for state aid, it is fair to assume that it would have made some change in P. S. 4029. There was no error in excluding the question asked the county supervisor of highways why he did not erect a railing at the culvert. It was but another way of getting his opinion of the sufficiency of the highway and was inadmissible for that reason. It is true that the witness had been asked in cross-examination if he could not have erected a railing there that would not interfere with the travel, and had replied that he could. But this did not affect the situation. The answer required no explanation to elucidate its meaning. The defendant's offer was to show that he did not put up such a railing because it did not seem to him necessary. But this would not have given any different meaning to his former answer or correct any misapprehension concerning it. An entirely different situation existed in *Richardson* v. *Baker & Sons*, 83 Vt. 204, 75 Atl. 151, relied upon by the defendant, and that case is not in point.

The testimony of Brown concerning the automobile tracks in the road was properly received. While the witness did not connect these tracks with the automobile which was responsible for the accident, their character and location, and the proximity of the time when the witness examined them, in the absence of evidence to the contrary, warranted an inference that the tracks seen by the witness were made by that particular machine. The uncertainty regarding this, if any, affected only the weight of the evidence.

The witness Bean was allowed to give his estimate of the value of the injured horse. In this, no error appears. If, as claimed by the defendant, it was not proper cross-examination, it was within the discretion of the trial court to admit it, though out of time, and it not otherwise appearing it will be taken to have been admitted as a matter of discretion.

The doctrine of assumption of risk, as something separate and apart from that of contributory negligence, is peculiar to the law of master and servant, and does not apply to highway cases. 5 Thomp. Neg. §6263; *C. & N. R. Co.* v. *Prescott*, 59 Fed. 237, 8 C. C. A. 109, 23 L. R. A. 654; *Dubiver* v. *City & S. R. Co.*, 44 Or. 227, 74 Pac. 915, 75 Pac. 693, 1 Ann. Cas. 889. But it

is to be observed that the court submitted this question to the jury here; thus giving the defendants more than it was entitled to.

It was, however, necessary for the plaintiff to show that he was, at the time, in the exercise of due care. This question was properly submitted to the jury. The fact that the plaintiff knew all about the situation presented, and must have appreciated its dangers, did not as matter of law, require him to stop there until the dangers were removed. The situation called for the exercise of caution and judgment,—presented just the kind of questions for the determination of a jury. Without forfeiting his rights as a traveler, the plaintiff could drive on as he did, provided the danger was not of such a character that no prudent man would encounter it, and provided also, in doing so, he exercised the care and prudence of a prudent man. The facts of a given case might be of so decisive a character as to present in this connection a question of law; but they were not here.

So, too, the question whether a railing would have averted this accident was for the jury. It was not necessary to give in evidence the size, material, height or character of such a railing, any more than it would be necessary to show how a hole in the road should be filled or a log removed, or the kind and quality of plank required on a bridge. These matters are matters of such common knowledge that jurors can act without direct testimony. All that was required here was for the jury to find that a railing was essential to the safety of the road and that if there had been one, the accident would have been prevented. In reaching a conclusion on these questions the jury might well take the position that the culvert did not require a railing so high that a horse could not jump over it, or so stout as to withstand a horse's lunge against it. For it is a well known fact that the sight of a barrier will frequently turn a horse and save his testing it.

The claim that the lack of a railing was not the proximate cause of the accident cannot be sustained. *Dailey* v. *Swift & Co.*, 86 Vt. 189, 84 Atl. 603.

The question of variance, if it was ever of any importance was taken care of by the amendment of the declaration allowed by the court.

The defendant seasonably tendered twenty requested instructions, and now complains of the court's rejection of nine

of them.   The defendant also excepted to the charge in certain respects, but does not discuss these exceptions in the brief.   By a careful examination of the charge and its supplement, we find that every point discussed in the brief was covered by the court. To the instructions in these respects the defendant did not except.   It is apparent that the court recognized the principles embodied in the requests and intended to include them in the charge.   If there was any failure in this attempt, it was for the defendant to point it out by excepting to it, that the court might supply the omission, as it did on one point in a supplemental charge.

*Judgment affirmed.*