CHARLES D. BANCROFT *v.* TOWN OF EAST MONTPELIER.

November Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 13, 1920.

*Highways—Negligence in Maintaining Unrailed Culvert—Contributory Negligence—Jury Question—Instructions to Jury —Accidental Divergence From Road.*

1.  In an action to recover damages received through the alleged insufficiency of a culvert which the defendant town was bound by law to maintain, the only question raised by· defendant's motion for a verdict was whether there was any substantial evidence supporting plaintiff's allegations that the defendant was negligent and the plaintiff was free from contributory negligence.

2.  The question of the sufficiency of the culvert without a railing, which was the negligence complained of, was, on the evidence, a question of fact for the jury.

3.  It was a question of fact for the jury whether, considering the conditions existing at the place of accident, the plaintiff was negligent in not stopping his car as soon as he encountered a dense cloud of dust just before reaching the culvert; he having the right to presume that such a dangerous situation did not exist at the place of accident, as in fact did exist.

4.  A request to charge that, if the jury found that the plaintiff diverged from the traveled road without necessity, the town should not be held responsible for the consequences that ensued, was properly refused as not being adapted to the evidence; the request implying that the divergence from the road was voluntary, while the evidence showed that it was accidental.

5.  A request to charge that the town was not legally required to
    protect the culvert to the extent that it would be impossible
    for an automobile to run off the same was properly refused;
    the question in issue not being as to the sufficiency of an exist-
    ing railing, but as to the sufficiency of the culvert without a
    railing.

ACTION OF TORT for damages received through the alleged
insufficiency of a culvert. Plea, the general issue. Trial by
jury at the September Term, 1918, Washington County, *Stanton,*
J., presiding. Verdict and judgment for the plaintiff. The de-
fendant excepted. The opinion states the case.

*Fred L. Laird* and *S. Hollister Jackson* for the defendant.

*Theriault & Hunt* for the plaintiff.

MILES, J. This is an action to recover for damages to the
plaintiff's automobile through the alleged insufficiency of a
culvert in defendant town which by law the town was bound to
maintain and keep in suitable repair for the safe travel of those
having occasion to pass over it. The case was tried by jury,
and a verdict was rendered for the plaintiff, and the case comes
here on the defendant's exceptions to the overruling of its motion
for a directed verdict and for the failure of the court to com-
ply with certain requests to charge.

[1] The grounds upon which the motions are based are
that the evidence in the case fails to show that the defendant was
negligent and that the plaintiff was free from contributory negli-
gence. In the briefs of both parties and in their oral arguments,
the weight of the evidence is pretty fully and freely discussed;
but we have nothing to do with its weight. The simple question
raised by the motion is whether there was any substantial evi-
dence in the case supporting the plaintiff's allegations that the
defendant was negligent and the plaintiff was free from negli-
gence which proximately contributed to his injury. *Cummings*
v. *Cambridge,* 93 Vt. 349, 107 Atl. 114.

The transcript is made the bill of exceptions and is to con-
trol. An examination of that portion of the transcript, to which
our attention is called, reveals evidence tending to prove the
following facts: That the culvert is situated in a part of the

highway where the road descends to it on both sides, for a considerable distance on each side of the culvert, and in or near a curve in the highway, the traveled portion of which, at the culvert, was eleven feet wide and extended to each end of the culvert, and the road was practically level from one end to the other of the culvert; that several feet of soil covered the culvert; that the covering, at the end of the culvert, where the car went off, was soft and gave way as the car went over the end of the culvert; that the culvert, measured on the inside of the curve, where the accident happened, was five feet, eight inches high, five feet, five inches wide, and from the surface of the road to the bottom of the culvert, was nine feet and six inches; that the angle of the bank formed by the earth covering the culvert was one and one-half feet slope to one foot drop, and that the bank was covered by bushes and vines extending above the plane of the road two or three feet, obscuring the nature and character of the culvert and its dangerous surroundings; that there was no guard rail or other warning of the danger of accidentally going over the end of the culvert, nor anything to notify the traveler that a slight variation from the center of the road was liable to result in an accident similar to the one under consideration; that this highway was extensively used by the traveling public in transporting goods and other commodities from Plainfield to North Montpelier and from North Montpelier to Plainfield.

[2]    Upon this evidence which is to be taken in the light most favorable to the plaintiff, we are unable to say that as a matter of law the defendant was not guilty of negligence which proximately produced the accident. The sufficiency of the culvert without a railing, which is the negligence complained of, in the light of the foregoing facts which the evidence tended to prove, was, at least, a question of fact for the jury. *Cassedy* v. *Stockbridge*, 21 Vt. 391; *Sessions* v. *Newport*, 23 Vt. 9; *Drew* v. *Sutton*, 55 Vt. 586, 45 A. R. 644; *Maynard* v. *Westfield*, 87 Vt. 532, 90 Atl. 504.

The testimony upon which the defendant relies in support of the contention that the plaintiff was guilty of contributory negligence was mainly that of the plaintiff himself, Cornelius Lawrence, and Mrs. Lawrence, parties who were in the car at the time of the accident, and a Mr. Hersey. It is the testimony of these witnesses that the parties discussed so fully; and while some portions of it, when detached from other portions of their testimony

qualifying it, may have some tendency to show negligence of the plaintiff, their testimony taken as a whole, we think, has a tendency to show that the plaintiff was free from contributory negligence, and it is with the latter testimony that we are most interested; for, if there is any evidence substantially supporting the fact that the plaintiff was free from contributory negligence, then the motion was properly denied. *Cummings* v. *Cambridge, supra.*

The evidence upon this point was to the effect that just before the accident the plaintiff was coasting down the hill toward the culvert at the rate of fifteen or twenty miles an hour; that he did not have the engine connected up and the automobile was going on its own momentum, and, when he got possibly within twenty feet of the turn at or near the culvert, it became rather dusty in front of him so he could not see clearly; that immediately he pushed in the brake and slowed down to about four miles an hour; that as he got onto the curve of the road, just before reaching the culvert, the dust became so thick that the light on the automobile did not penetrate it; that, as soon as he realized that he could not see, he reached for the emergency brake, evidently with the intention of stopping the car, and at that moment the car accidently deflected to the inside of the curve, the earth gave way, and the car went off the culvert, and the injury was thereby caused.

[3]     The defendant claims that the plaintiff was negligent in not stopping the car as soon as he encountered the dust. But in the circumstances of the case as shown by the undisputed evidence, the plaintiff had the right to presume that such a situation did not exist, as the case discloses did exist at the place of the accident, and it was at least a question for the jury to pass upon, whether the plaintiff's conduct, considered in connection with the conditions existing at the place of accident, proximately contributed to his injury. The situation called for the exercise of caution and judgment—presented just the kind of question for the determination of a jury. *Maynard* v. *Westfield,* 87 Vt. 532, 90 Atl. 504. The motion was properly overruled.

[4]     The defendant submitted nine requests to charge, but in this court it relies upon only the first, eighth, and ninth requests. The first request is as follows: "If the jury find that the plaintiff diverged from the traveled road without necessity, the town should not be held responsible for the consequences that

ensued.'' The request implies that the plaintiff voluntarily diverged from the traveled track without necessity for doing so, while the evidence is that he encountered the danger accidentally. In *Drew* v. *Sutton, supra,* the Court, ROWELL, J., delivering the opinion, points out the distinction between a voluntary departure or straying from the way, and accidental departure from it. Without intimating that such a divergence as is shown in this case, if voluntary, would relieve the town from liability, we hold that the request was not adapted to the evidence; and there was no error in the court's refusal to comply with it.

[5] The eighth request was as follows: ''The town was not legally required to protect the culvert in question to the extent that it would be impossible for the automobile to run off of said culvert or the approaches to the same.'' This request was properly denied. There was nothing in the case calling for such an instruction. The question was not as to the sufficiency of an existing railing, but was as to the sufficiency of the culvert without a railing. A culvert without a railing, in certain circumstances, may be sufficient. On the evidence in the case the strength of the railing was not in issue, as there was no railing on the culvert, nor any on the approaches, as the evidence and exhibits show. If a railing had been there and the question had been as to its reasonable sufficiency, there might have been some reason for complying with the request; but as the issue was made up, and as the evidence appeared in the case, a compliance with the request was not necessary.

The ninth request was properly denied. The evidence in the case did not call for a compliance with it. Our attention has not been called to any evidence that the automobile was running wild.

*We find no error in the case, and the judgment is affirmed.*