Louis Bush, Respondent, *v.* The Westchester Fire Insurance Company, Appellant.

A local agent of a fire insurance company having authority simply to receive proposals for insurance and to countersign and deliver policies, has no authority to waive a condition of the policy prescribing the proofs to be furnished in case of loss, or to adjust a loss; and the fact that the agent assumes to do these acts in a particular case does not establish his authority or bind the company.

(Argued December 8, 1875; decided January 18, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered on a verdict.

This action was upon a policy of insurance issued by the defendant for $2,500 upon the plaintiff's stock of goods, consisting of hardware, cutlery, crockery, etc.

There was other insurance upon the property to the amount of $7,000 in four other companies. The fire took place on the 24th of November, 1870. Part of the stock was saved in a damaged condition. By the ninth condition of the policy the plaintiff was required, among other things, to render a particular account of loss, and when property should be damaged forthwith to cause it to be put in order, assorting the

various articles, separating the damaged from the undamaged, to cause an inventory to be made and furnished to the company, and to cause the amount of damage to be ascertained by appraisal.

It is conceded that this condition was not complied with, but it is claimed, on the part of the plaintiff, that it was waived by the defendant. To sustain the allegation of waiver the acts and declarations of Mr. Straight, of the firm of Sly & Straight, local agents of the defendant for the issuing and countersigning of policies, were allowed to be proved under exceptions. The evidence, on the part of the plaintiff, showed that after the fire the agents of the other companies having policies on the property examined the store and the plaintiff's books and estimated the damage, and agreed that the loss exceeded the amount insured. That Mr. Straight acted with them and concurred in their conclusion, and said he was satisfied that the loss was more than double what the plaintiff was insured. The defendant objected to all this evidence, on the ground that the authority of Mr. Straight was not proved.

There was no direct proof of the authority of Mr. Straight, except that Sly & Straight were agents for the purpose of issuing policies, and it was not proved that they had ever acted for the company in adjusting losses or waiving conditions in other cases. Their acts and declarations in reference to this loss were allowed to be given in evidence as binding upon the defendant, and the judge charged the jury, among other things, as follows: "It does not appear, from any evidence in the case, that the plaintiff knew or had information as to the precise extent of authority that the local agent of the company had who resided here in Elmira, hence the plaintiff, as a matter of law, had the right to infer that the agent had such authority, as he would seem to have from the way and manner that he transacted business here for the company, the same that either of you would have if you came to one of those agents there and obtained a policy of insurance upon your property and he said nothing as to the nature and extent

of his authority to do business for the company, and there was nothing in the policy or on the policy to advise or show you precisely the nature and extent of his authority as you would have a right to infer he possessed in doing business for the company." To which defendant's counsel duly excepted.

*R. King* for the appellant. One who deals with an agent constituted for a special purpose deals at his peril when the agent passes the precise limits of his power. (2 Kent's Com. [7th ed.], 793, m. p. 620; Dunlap's Paley on Agency [3d Am. ed.], 200, 201 [m. p.], 202; *Scott* v. *McGrath,* 7 Barb., 53; 4 Abb. Dig. [1st ed.], 597; *Adriance* v. *Roome,* 52 Barb., 399.) No amount of assumption by the agent or reliance by plaintiff could give him any power. (*Marvin* v. *Wilber,* 52 N. Y., 270; 4 Abb. Ct. App. Dec., 315; *Ins. Co.* v. *Wilkinson,* 13 Wal., 222; *Plumb* v. *Catt. Ins. Co.,* 18 N. Y., 392; *Rowley* v. *Em. Ins. Co.,* 36 id., 550; *Rohrbach* v. *Ætna Ins. Co.,* 1 N. Y. S. C. R., 339; *Lightbody* v. *N. Am. Ins. Co.,* 23 Wend., 22; *Post* v. *Ætna Ins. Co.,* 43 Barb., 361; *McEwen* v. *Mont. Ins. Co.,* 5 Hill, 101.) Defendant's delay in objecting to the proofs of loss and in requiring an inventory to be filed was not a waiver of its right to object. (*Beatty* v. *Lyc. Mut. Ins. Co.,* 66 Penn., 9; 5 Am. R., 318; *Kimball* v. *Ham. F. Ins. Co.,* 8 Bosw., 495; May on Ins., 619.)

*J. McGuire* for the respondent. The retention of the proofs of loss by defendant was a waiver of any defect therein. (*Savage* v. *Corn Ex., etc., Ins. Co.,* 4 Bosw., 1; *Walsh* v. *Hart, etc., Ins. Co.,* 54 Ill., 164; *Boyle* v. *Globe Ins. Co.,* 21 Ohio, 119; *Owen* v. *Farmers', etc., Ins. Co.,* 57 Barb., 521; *Cohen* v. *Home Ins. Co.,* 20 Grat., 312; *Bodle* v. *Chenango Ins. Co.,* 2 N. Y., 53; *O'Neil* v. *Buff. Ins. Co.,* 3 id., 122; *McLaughlin* v. *Wash. Ins. Co.,* 23 Wend., 525; *Gilbert* v. *N. Am., etc., Ins. Co.,* id., 43, 25, 379.) There was a substantial compliance with the terms of the policy in procuring the certificate of the notary to the proofs of loss. (*Farley* v. *N. Am. Ins. Co.,* 25 Wend., 374; 3 N. Y., 122.)

It was not error to charge that plaintiff had a right to infer that defendant's agents at Elmira possessed the power they in fact exercised. (*Post* v. *Ætna Ins. Co.*, 43 Barb., 351; *Dohn* v. *Farmers', etc., Ins. Co.*, 5 Lans. 275; *Owen* v. *Farmers', etc., Ins. Co.*, 57 Barb., 516; *Lightbody* v. *N. Am. Ins. Co.*, 23 Wend., 22; *McEwen* v. *Mont. Ins. Co.*, 5 Hill, 105; 20 Barb., 476; 11 id., 632; 43 id., 351.)

Rapallo, J. We think that the charge on the subject of the authority of Sly & Straight, and the effect of their acts, was erroneous. It was not proved that they had ever acted for the company in adjusting losses or waiving conditions before the occasion in question, nor that they were agents of the company for any other purpose than that of issuing and countersigning policies upon risks accepted by the company; yet, the judge who presided at the trial charged the jury, in substance, in reference to the omission of the plaintiff to furnish proofs of loss, as required by the policy, that, so far as Sly & Straight assumed to act for the defendant (the company) in waiving such proofs, the plaintiff had a right to infer that they had authority to act. That if Sly & Straight, either of them, said it was all right and the loss would be paid, of course, that would be a waiver on the part of the defendant of any thing else to be done by the plaintiff. In various forms, during the progress of the trial, the judge held that whatever Sly & Straight did in respect to the loss, the plaintiff had a right to infer they had authority to do. In one part of the charge, the judge expressly stated, in presence of the jury, that the plaintiff had the right to infer that Sly & Straight had such authority as they assumed to exercise. Their own acts were thus made the evidence of their authority, without bringing home to the defendant any recognition, or even knowledge, of such acts, or showing any previous authority for them.

The case was evidently tried upon the theory that Sly & Straight having been shown to be agents for the purpose of countersigning and delivering the policy, whatever they said

or did after the loss was binding upon the defendant, unless notice was given to the plaintiff that they had not authority to do such acts, or make such declarations, and this proposition was, in substance, enunciated by the judge. The objections and exceptions to these rulings appear in various forms throughout the case. It cannot be held that the authority of an agent to receive proposals for insurance, and countersign and deliver policies, extends to adjusting losses or waiving the stipulated proofs of loss, and binding the company to pay without them. Neither can it be held that the mere fact that such an agent assuming in a particular case to do those acts establishes his authority. The error committed in these respects is so obvious as to render it unnecessary to refer to the other exceptions in the case.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

All concur; MILLER, J., not sitting.

Judgment reversed.