Cornelia Van Allen, Respondent, v. The Farmers' Joint Stock Insurance Company, Appellant.

A policy of fire insurance contained a condition requiring proofs of loss to be furnished by the insured within twenty days. It also contained a clause, in substance, that nothing save an agreement in writing, signed by an officer of the company, should be considered as a waiver of any condition or restriction in the policy. In an action upon the policy, *held*, that a local agent had no authority to waive such condition.

*Van Allen* v. *F. J S. Ins. Co.* (4 Hun, 413) reversed.

(Submitted February 25, 1876; decided March 21, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of plaintiff, entered upon an order denying motion for a new trial and directing judgment on a verdict. (Reported below, 4 Hun, 413.)

This action was upon a policy of fire insurance.

One of the conditions of the policy was as follows: "All persons insured by this company and sustaining loss or damage by fire shall forthwith give the company notice thereof in writing, and within twenty days after the loss shall deliver a particular account of such loss, signed and sworn to by them, stating the ownership of the property insured, whether any, and what other insurance existed on the same property, the whole cash value of each building or article destroyed or damaged, separately, with the amount of damage to the same and their interest therein."

The policy contained this clause: "The use of general terms or any thing less than a distinct, specific agreement, clearly expressed in writing and signed by an officer of the company, shall not be construed as a waiver of any written or printed condition or restriction of this policy."

A loss having occurred, plaintiff failed to furnish the proofs of loss required within the twenty days. Evidence was given upon the trial of statements made by Hiram Willetts,

a local agent of plaintiff's, which were claimed by plaintiff to amount to a waiver of such proofs. The court charged, in substance, that Willetts had the right to waive said condition, to which defendant's counsel duly excepted.

Exceptions were ordered to be heard at first instance at General Term.

*D. Pratt* for the appellant. The local agent had no authority to waive the condition in the policy as to service of proofs of loss. (*Stringham* v. *St. Nicholas Ins. Co.*, 3 Keyes, 280; *Bush* v. *Westchester F. Ins. Co.*, 63 N. Y., 531; *Wall* v. *Home Ins. Co.*, 8 Bosw., 597; *Wilson* v. *Gen. Mut. Ins. Co.*, 14 N. Y., 418; *Dawes* v. *N. R. Ins. Co.*, 7 Cow., 462; *Boughton* v. *Am. Mut. L. Ins. Co.*, 25 Conn., 542; Story on Ag., § 126; Smith's Merc. Law, 50; *Underwood* v. *F. J. S. Ins. Co.*, 57 N. Y., 504; *Ripley* v. *Ætna Ins. Co.*, 30 id., 136.) The court erred in charging that the jury could decide the waiver on Willett's and Peak's evidence, and in refusing to charge that under the policy there could be no waiver by parol. (*Parker* v. *Arctic Ins. Co.*, 1 N. Y. S. C. R., 397; 59 N. Y., 1.)

*M. Hopkins* for the respondent. There was no error in the charge of the judge. (*Parker* v. *Arctic Ins. Co.*, 1 N. Y. S. C. R., 397; 59 N. Y., 1; *Bodine* v. *Ex. F. Ins. Co.*, 51 id., 122; *Kendall* v. *Hol. Pur. Ins. Co.*, 2 N. Y. S. C. R., 375; *Underwood* v. *F. J. S. Ins. Co.*, 57 N. Y., 500; *Ames* v. *N. Y. U. Ins. Co.*, 14 id., 253; *Mayor, etc.*, v. *Ham. F. Ins. Co.*, 39 id., 46; *Rowley* v. *Emp. Ins. Co.*, 3 Keyes, 560; *Whitwell* v. *Put. F. Ins. Co.*, 6 Lans., 166; *Pitney* v. *Glens F. Ins. Co.*, 61 Barb., 335; *Ide* v. *Phœnix Ins. Co.*, 2 Bliss [U. S.], 333; *Gail* v. *Nat. Pro. Ins. Co.*, 25 Barb., 189.)

*Per Curiam.* We think that the charge of the judge that Willetts had a right to waive the provision in the policy requiring the plaintiff to furnish the proofs of loss, was erro-

neous; and for this reason the judgment must be reversed, and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.