ABRAHAM S. LOHNES *vs.* INSURANCE COMPANY OF NORTH AMERICA.

Essex. Nov. 8, 1876. — Jan. 8, 1877. COLT, DEVENS & LORD, JJ., absent.

Evidence that an agent of an insurance company "received applications for insurance, took risks, settled rates of premium and issued policies," will not, in the absence of evidence that he was the general agent of the company, warrant a finding that he had authority to waive the preliminary proof of loss required by a policy issued by the company.

CONTRACT upon a policy of insurance against fire. At the trial in the Superior Court, before *Aldrich,* J., it was admitted

by the defendant that the property described in the policy was destroyed by fire. It was admitted by the plaintiff that he did not furnish the defendant with formal proof of the loss as required by the terms of the policy, and that he could not maintain his action unless he proved a waiver by the defendant of that part of the policy requiring such formal proof.

The plaintiff testified that he employed Samuel S. Trefry to obtain insurance for him in the defendant company, and that after the fire he applied to Trefry, and subsequently to William Northey, the agent of the defendant, at Salem, for a blank proof of loss, and that Northey promised to send him one at Marblehead, where the plaintiff resided at the time, and where the property insured was situated, but that no such blank proof was sent or furnished to him.

Trefry testified that he was an insurance agent and broker in Marblehead, and that he obtained the insurance in question for the plaintiff, through William Archer, who was then the agent of the defendant at Salem; that he knew Archer and had dealings with him as the agent of the defendant, and that Archer received applications for insurance, took risks, and settled rates of premium and issued policies for the defendant. He also testified that he examined the property after the fire, and notified Archer of the loss, and that Archer said he would write to the company. Trefry further testified that he acted as a broker, and was not an agent of the defendant, but that he was paid for his services by receiving a percentage of the premium paid by the plaintiff.

A witness called by the plaintiff testified that he acted as counsel for the plaintiff in the matter of collecting his insurance of the defendant, and also in the criminal proceedings which had been instituted against the plaintiff upon a charge of having set fire to the buildings insured; that in his capacity as counsel for the plaintiff he called on Archer for the purpose of ascertaining whether formal proof of the loss would be required, and, in reply to such inquiry, either Archer himself, or Trefry, to whom Archer referred him at that time, said there was no need of making out further notice, as they knew all about it, and, when the criminal matter was disposed of, the company would pay. He further testified that he had several interviews with Trefry, and that he

never could get any blank form from which to make out an account of the loss ; that he was sure Trefry told him it was not necessary to make out strict pro fs ; and that he knew he put the question whether the compan ˂ would require all the details of proof, or whether they would  epend upon the investigations made by the government in the c iminal proceedings.

Upon this evidence, the defendant requested the judge to rule that the jury would not be justified in finding a waiver, and that the plaintiff could not maintain his action. The judge declined so to rule, but submitted the case to the jury upon the evidence. The jury returned a verdict for the plaintiff ; and the defendant alleged exceptions.

*E. F. Stone*, for the defendant.

*S. Lincoln, Jr.*, for the plaintiff.

MORTON, J. The only question presented to us is whether there was sufficient evidence to justify the jury in finding a waiver of the proof of loss required by the terms of the policy.

If we assume that, upon the testimony, the jury might find a waiver by William Archer, an agent of the defendant, it was yet for the plaintiff to prove that Archer had authority to make such waiver. The only testimony upon this point was that of Trefry, who obtained the insurance for the plaintiff. He testified that Archer was the agent of the defendant, that he had dealings with him as such agent, and that Archer received applications for insurance, took risks and settled rates of premium, and issued policies for the defendant.

This does not tend to show that Archer was the general agent of the defendant, authorized to transact all their business in Salem. It shows a special agency, with powers limited to one branch of the general business of the principal. It cannot fairly be inferred from this testimony that Archer's powers extended to other branches of the business of the defendant, or that he had authority to adjust losses or to waive any condition of the contract.

The case differs from the case of *Eastern Railroad Co.* v. *Relief Insurance Co.* 105 Mass. 570, relied upon by the plaintiff. In that case, the agent who waived the proof of loss was shown to be the general agent of the defendant, with power to adjust losses, as well as to make insurance and issue policies.

We are of opinion that there was no evidence in this case to justify the finding that Archer had authority to waive the preliminary proof of loss which t ie policy required the plaintiff to make. *Harrison* v. *City Ins. Co.* 9 Allen, 231. *Tate* v. *Citizens' Mutual Ins. Co.* 13 Gra , 79. *Shawmut Sugar Refining Co.* v. *People's Mutual Ins. Co* 12 Gray, 535.

*Exceptions sustained.*