SAMUEL F. V. WHITED, RESPONDENT, *v.* THE GERMANIA FIRE INSURANCE COMPANY, APPELLANT.

*Policy of insurance — condition of — power of agent to waive.*

The defendant issued to the plaintiff a policy of insurance upon a frame building owned by him, the policy providing that it should be void if any change or transfer in title or possession should take place without the consent of the company indorsed upon the policy, or if the interest of the assured, as owner, mortgagee, devisee, or otherwise, was not truly represented to the company and stated in the policy; it also provided that the use of general terms, or any thing less than a distinct, specific agreement, clearly expressed and indorsed on it, should not be construed as a waiver of any printed or written conditions.

The plaintiff sold the house and took back a purchase-money mortgage. The defendant's agent thereafter received the annual premium from and gave a receipt therefor to him, being aware of these facts and understanding that he intended to insure his interest as mortgagee.

*Held,* that in an action on the policy the jury might infer an agreement by the agent to insure plaintiff's interest as mortgagee, and a waiver of the requirement that the plaintiff's interest, as mortgagee, should be endorsed on the policy.

The agent was authorized to solicit insurance, issue and renew policies, note the changing of title, and to collect and pay premiums.

*Held,* that this evidence justified the conclusion that the agent had authority to waive, and by his acts had waived the condition above referred to, and that plaintiff was entitled to recover.

Appeal from judgment in favor of the plaintiff entered on a verdict rendered at the Oswego Circuit, before Mr. Justice Morgan.

Action on a policy of insurance for $700, issued by defendant to plaintiff, on a frame building occupied as a dwelling and grocery. The policy was issued October 11, 1869, and was continued in force by annual renewals till October 11, 1873. The policy contained the following conditions: "If the property be sold or transferred, or any change takes place in title or possession, etc., * * * without the consent of the company indorsed hereon, or if the interest of the assured in the property, whether as owner, * * * mortgagee, lessee, or otherwise, be not truly stated in this policy, the policy shall be void." "If the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and benefit of the assured, * * * it must be so represented to the company and so expressed in the written part of this policy, otherwise this policy shall be void." "The use of general terms, or any thing less than a distinct, specific agreement, clearly expressed and indorsed on this policy, shall not be construed as a waiver of any printed or written condition or restriction therein." When the policy was issued, the plaintiff was the owner of the premises, and the buildings insured were described in the policy as his. In December, 1870, the plaintiff agreed verbally, to sell the house and lot to John Donohue, and on November 17, 1871, in consummation of the agreement, he deeded the property to Donohue and took back a bond and mortgage thereon for $1,500 purchase-money. No notice of the transfer, or of plaintiff's interest as mortgagee was stated in the policy, or indorsed on it. At the trial, the judge submitted to the jury, upon conflicting evidence, the question whether the local agent of the defendant, at Oswego, received from the plaintiff the renewal premium and paid it over to the company, after being notified by the plaintiff that he had deeded the property and taken a mortgage, and whether it was understood by the agent that the premium was paid by the plaintiff to renew the policy for his benefit as mortgagee. The jury found a verdict for the plaintiff for the amount of the policy, with interest from the time of the loss.

*John Chetwood*, for the appellant.

*W. A. Poucher,* for the respondent. The defendant's agent, at Oswego, had full power and authority to continue the insurance on the plaintiff's interest as mortgagee, either verbally or by making the indorsement of the change of title upon the policy, or to waive that condition of the policy requiring the indorsement and consent to the transfer verbally. (*Angell* v. *Hartford Fire Ins. Co.,* 59 N. Y., 171; *Pechner* v. *Phœnix Ins. Co.,* 65 id., 195; *Rhodes* v. *Railway Passenger Ins. Co.,* 5 Lans., 71; *Ellis* v. *Albany City Fire Ins. Co.,* 50 N. Y., 402; S. C. reported Gen. T., 4 Lans., 433; *Fish* v. *Liverpool, London and Globe Ins. Co.,* 44 N. Y., 538; *Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.,* 19 id., 305; *Sheldon* v. *Atlantic Ins. Co.,* 26 id., 460; *Boehen* v. *Williamsburgh Ins. Co.,* 35 id., 131; *Pitney* v. *Glen's Falls Ins. Co.,* 65 id., 6; *Shearman* v. *Niagara Fire Ins. Co.,* 46 id., 526; *Pechner* v. *Phœnix Ins. Co.,* 6 Lans., 411; *Whitwell* v. *Putnam Ins. Co.,* 6 id., 166.) The condition in a written instrument not under seal, requiring an act to be performed or evidenced by a statement in writing, may be waived by parol, and a parol waiver of a similar condition of a sealed instrument may be upheld in equity on the theory of an equitable estoppel. (*Pitney* v. *Glen's Falls Ins. Co.,* 65 N. Y., 6.) The issuing and delivering to the plaintiff of the certificate on the 11th day of October, 1872, after notice of the change of his interest in the premises, and saying to him that it was all right, was in law an insurance of his mortgage interest and a waiver of the condition of the policy requiring it to be in writing and indorsed thereon. (*Pechner* v. *The Phœnix Ins. Co.,* 6 Lans., 411, 417; affirmed, 65 N. Y., 195; *Shearman* v. *Niagara Ins. Co.,* 46 id., 526; *Parker* v. *Arctic Fire Ins. Co.,* 1 N. Y. S. C. R. [T. & C.], 397; affirmed, 59 N. Y., 1.)

SMITH, J. :

The jury were instructed that if they should find from the evidence, that at the time when the renewal premium was paid to the defendant's agent, he was notified by the plaintiff of the conveyance and mortgage, and he understood that the plaintiff paid the money to renew the policy for his benefit as mortgagee, they might infer an agreement that it should be renewed for that purpose, and in that event they were further instructed, as is to be

inferred from the charge, that they might find for the plaintiff. The instruction was proper, in view of the evidence, provided the agent had power to waive the provisions in the policy requiring the interest of the assured, as mortgagee, to be stated in writing in the policy itself. The charge undoubtedly assumed the existence of such authority. That question, probably, should have been left to the jury, if it had been insisted on. (*Van Allen* v. *Farmers' Joint Stock Insurance Company*, 64 N. Y., 469.) But there was no exception to the charge, in that respect, or any other, and no request was made that the specific question of the agent's authority be submitted to the jury. The question was treated on all hands as one of law, or, if of fact, one which the parties submitted to the decision of the court. (S. C., 17 S. C. N. Y. [10 Hun], 397, 402.) The evidence fully warranted the conclusion that the agent had such authority. The agent, who was called as a witness by the defendant, testified that he was the local agent of the defendant at Oswego, and that as such agent he solicited insurance, issued and renewed policies, noted the changes of title upon policies, issued renewal certificates, collected premiums, and paid premiums to the company. That being the scope of his agency, it is clear that in the circumstances of the case, the conclusion was well warranted that he had authority to waive a compliance with the conditions referred to, and that the agreement to renew, which the jury must have found by their verdict, was valid and binding on the company. (*Whitwell* v. *Putnam Fire Insurance Company*, 6 Lans., 166, and cases there cited by MULLIN, J.; *Pechner* v. *Phœnix Ins. Co.*, id., 411; S. C. affirmed, 65 N. Y., 195; *Shearman* v. *Niagara Fire Ins. Co.*, 46 id., 526; *Pitney* v. *Glen's Falls Ins. Co.*, 65 id., 6.)

In the case of *Rohrbach* v. *Germania Fire Insurance Company* (62 N. Y., 47), cited by the appellant's counsel, the ruling of the court that notice to the agent, or his knowledge of facts, was immaterial and did not affect the company, was made in view of a provision in the policy, which constituted him the agent of the insured and not of the company. (Opinion of FOLGER, J., p. 62.) The policy in this case contains no such provision. The case of *Alexander* v. *The Germania Insurance Company* (MSS. op. of RAPALLO, J.) was upon a policy containing a provision like that in the case of Rohrbach.

Certain rulings upon questions put by the defendant's counsel were excepted to. The questions were improper, as they called for the conclusions of the witness on questions of law. It is unnecessary to refer to them more particularly.

The judgment should be affirmed.

MULLIN, P. J., and TALCOTT, J. concurred.

Judgment affirmed.