## NICKELL v. PHOENIX INSURANCE COMPANY OF BROOKLYN, *Appellant*.

### Division One, June 8, 1898.

1. **Insurance:** PROOF OF LOSS: WAIVER BY LOCAL AGENT. Where a local agent of an insurance company has authority to represent the company in making contracts of insurance, in collecting the premiums and in signing its policies, he also has authority to waive proof of loss, either in writing or by parol or by matters *in pais* which amount to estoppel.

2. ———: AUTHORITY OF LOCAL AGENTS. An insurance company can not make its local agent the medium through which all the benefits of a policy flow from the insured to it, and then deny that he has authority to represent it when the benefits of the insured are involved.

3. ———: PLEADING: PROOF OF LOSS. In a suit on an insurance policy under an allegation in the petition that proof of loss was furnished, it is permissible to show that proof of loss was waived, although waiver was not alleged.

*Transferred from Kansas City Court of Appeals.*

AFFIRMED.

*J. W. Peery* and *J. L. McCullough* for appellant.

(1) A local agent of an insurance company, whose duties are to fix rates, countersign policies and collect premiums, and who is not shown to be authorized to adjust or settle losses, has no power to waive the furnishing of proofs of loss. Wood on Ins. [1 Ed.], p.

730; Wood on Ins. [2 Ed.], secs. 429 and 447; Ostrander on Ins., p. 556, sec. 256; May on Ins. [3 Ed.], secs. 138, 465; *Bowlin v. Ins. Co.*, 36 Minn. 433; *Bush v. Ins. Co.*, 63 N. Y. 531; *Van Allen v. Ins. Co.*, 64 N. Y. 469; *Smith v. Ins. Co.*, 60 Vt. 682; *Harrison v. Ins. Co.*, 56 Fed. Rep. 732; *Ins. Co. v. Kennerly*, 31 S. W. Rep. 155; *Hollis v. Ins. Co.*, 65 Iowa, 454; *Ermentraut v. Ins. Co.*, 65 N. W. Rep. (Minn.) 635; *McCollum v. Ins. Co.*, 65 Mo. App. 309; *Albers v. Ins. Co.*, 68 Mo. App. 543; *Barre v. Ins. Co.*, 76 Iowa, 609; *Lohnes v. Ins. Co.*, 121 Mass. 441; *Kyte v. Com. Un. Ass. Co.*, 144 Mass. 43; *Shapire v. Ins. Co.*, 63 N. W. Rep. 614; *Kahn v. Ins. Co.*, 34 Pac. Rep. 1059; *Engerbertson v. Ins. Co.*, 58 Wis. 301; *Von Genetchen v. Ins. Co.*, 75 Iowa, 544. (2) It devolves upon the plaintiff to prove that the local agent, who he claims made the waiver, had the power and authority to adjust losses; not having offered any such evidence, the objections to the evidence should have been sustained, and the defendant's declarations of law should have been given. Wood on Ins. [2 Ed.], sec. 429; May on Ins. [3 Ed.], sec. 138; *Bush v. Ins. Co.*, 63 N. Y. 531; *Lohnes v. Ins. Co.*, 121 Mass. 439; *Ins. Co. v. Davis*, 59 N. W. Rep. 698; *Williams, Supt., v. Edwards*, 94 Mo. 447; 1 Greenl. Ev., sec. 114. (3) The clause in the policy prohibiting the waiver or modification of any of the provisions, stipulations or conditions of the policy, clearly shows that it applies to all of the provisions or conditions of the entire policy, and it names the particular officers who may waive such of them as are not required to be done by indorsement. This clause is binding and valid, includes the provisions as to proofs of loss, and deprives the local agent of power to waive that provision of the policy. *Gould v. Ins. Co.*, 90 Mich. 302; *Cleaver v. Ins. Co.*, 65 Mich. 527; *Quinlan v. Ins. Co.*, 133 N. Y. 356; *Baumgartel v. Ins. Co.*, 136

N. Y. 547; *Carey v. Ins. Co.*, 54 N. W. Rep. 18; *Porter v. Ins. Co.*, 160 Mass. 183; *Moore v. Ins. Co.*, 141 N. Y. 219; *Tripp v. Ins. Co.*, 59 N. W. Rep. 1; *Knudson v. Ins. Co.*, 75 Wis. 198; *Connell v. Ins. Co.*, 18 Wis. 387; *Hankins v. Ins. Co.*, 70 Wis. 1; *Marvin v. Ins. Co.*, 85 N. Y. 278; *Kirkman v. Ins. Co.*, 57 N. W. Rep. 952.

*Harry K. West* for respondent.

(1) A local or recording agent of a foreign insurance company, in the absence of evidence to the contrary, is presumed to be a general agent, and, as such, has power to waive proofs of loss. *McCollum v. Ins. Co.*, 67 Mo. App. 66; *McCollough v. Ins. Co.*, 113 Mo. 606; Joyce on Ins., secs. 536, 537, 581, 582 and 583; May on Ins., sec. 461; Biddell on Ins., sec. 1019; Wood on Ins., sec. 419; *Railroad v. Ins. Co.*, 105 Mass. 570; *Ins. Co. v. Perry*, 30 N. E. Rep. 637; *Ins. Co. v. Dunsmore*, 75 Ill. 14; *Pennell v. Ins. Co.*, 73 Ill. 303; *Ins. Co. v. Munger*, 49 Kan. 178; *Ins. Co. v. McLanathan*, 11 Kan. 533. (2) When the policy requires the assured to deliver proofs of loss to the company and does not require such proofs to be delivered to some particular officer or agent of the company, a delivery of proofs to such local or recording agent is a delivery to the company, and a waiver of such proofs by such agent is a waiver by the company. See authorities under point one. (3) The provision "that no agent or other representative of this company (excepting only the principal officers of the company at New York and its general agent at Chicago) shall have any power to waive or in any manner to modify any provisions or conditions of this policy . . . . . . ." has reference to those stipulations which are a part of, and necessary to give validity to, the contract of insurance and not to those matters which are to be performed after there has been

a loss, such as giving notice and furnishing a verified account of the loss. *Loeb v. Ins. Co.*, 99 Mo. 50; *Titsworth v. Ins. Co.*, 62 Mo. App. 310.

MARSHALL, J.—Defendant insured plaintiff's property, in his photograph gallery at Marceline, Missouri, against loss or damage by fire, for one year, commencing April 20, 1894. William Taylor, who resided at Marceline, was the agent of defendant at that place, represented the company in making the contract, collecting the premiums and signed the policies. During the life of the policy, on September 13, 1894, the property was totally destroyed by fire. It is admitted that the property was worth 'much more than the amount of the policy and no question was raised in the case as to the validity of the contract of insurance. The loss was an honest one. The day after the fire the plaintiff went to see Taylor and asked him what he must do—whether he must give him or the company notice. Taylor told him he "would inform the company of the fire, and that the adjuster would be here in a few days to settle the loss. I asked him what I should do about the proof of loss; he said it is not necessary to make proof of loss, that the adjuster would be here as soon as he could get here and the matter would be settled." The plaintiff saw Taylor again two or three times about the loss, and finally about three days after the fire Taylor wrote a letter to the company notifying it of the loss, and gave the letter to plaintiff, who mailed it. A week or ten days later plaintiff again saw Taylor, who told him the adjuster would be there in a few days and settle the loss. Pinckney, a special adjuster for the defendant, came to Marceline, but did not meet plaintiff. About the fifth of October Taylor told plaintiff Pinckney had no authority to adjust the loss and that Welch, another adjuster for the company, would attend to it.

On the twelfth of November, no settlement having been made, plaintiff, under the advice of counsel, sent formal proof of loss to the company at Chicago. On the eleventh of January, 1895, the company, by Welch, adjuster, returned the proof of loss, and refused to consider the claim because no proof of loss was furnished the company within thirty days after the date of the fire, as the policy called for. Plaintiff then brought this suit, setting up the contract of insurance, the loss, and averring *inter alia* that proof of loss had been given. The answer admitted the contract of insurance, but denied the other allegations of the petition. The circuit court entered judgment for plaintiff, and defendant appealed to the Kansas City Court of Appeals, where the judgment of the circuit court was reversed, but as one of the judges of that court was of opinion that the decision was in conflict with *McCullough v. Ins. Co.*, 113 Mo. 606, the court certified the case to this court.

I. Outside of the questions of practice involved, to which reference will hereafter be made, the legal proposition to be decided is, whether an agent of an insurance company who has power to effect insurance, countersign policies and collect premiums, has *prima facie* power to waive proof of loss. The plaintiff asserts the affirmative of this proposition, and the defendant denies it, and insists that while an adjuster has been held to have such power, the agent has not, and in order to bind the company the burden of proof is upon the insured to show that power in the agent. In this case there is no proof as to the power of the agent except as it may be inferred from the business transacted, nor were the duties and power of the adjuster shown. The circuit court sustained plaintiff's contention. The Kansas City Court of Appeals agreed with defendant's view of the law.

Wood on Insurance [2 Ed.], section 429, page 915, lays down the doctrine that an agent who has authority to issue and countersign policies, has no authority to adjust and settle losses or to waive the performance of conditions in the policy; that ratification by the company of the acts of such agent must be shown. Ostrander on Insurance [2 Ed.], section 57, page 197, says the local agent's power to waive proof of loss depends upon his authority to settle claims and that as the duties of a local agent and of an adjuster are different, the local agent can not waive proof of loss unless it is shown that he had authority to settle claims or had apparent authority as shown by previous dealings of the company. This view of the law is also laid down in the following cases: *Bowlin v. Ins. Co.*, 36 Minn. 433; *Bush v. Ins. Co.*, 63 N. Y. 531; *Van Allen v. Ins. Co.*, 64 N. Y. 469; *Smith v. Ins. Co.*, 60 Vt. 682; *Burlington Ins. Co. v. Kennerly*, 31 S. W. Rep. (Ark.) 155; *Ermentraut v. Ins. Co.* (divided court), 65 N. W. Rep. (Minn.) 635; *Shapire v. Ins. Co.* (divided court), 63 N. W. Rep. (Minn.) 614; *Lohnes v. Ins. Co.*, 121 Mass. 439; *Engebretson v. Ins. Co.*, 58 Wis. 301; *McCollum v. Ins. Co.*, 65 Mo. App. 304. These cases proceed upon the assumption that an agent who has power to effect a contract of insurance, to countersign policies, in order to give them vitality and binding force, and to collect premiums, is a special limited agent, and not a general agent, and that the duties and powers of such a special and limited agent do not authorize him to waive proof of loss.

On the other hand, a contrary view of the law is adopted by the following text writers and in the following cases. May on Insurance [3 Ed.], sections 461 and 463, says that the notice and proof of loss is intended for the benefit of the insurer, and notwithstanding the policy requires it to be in writing, never-

theless if the company receives it, although it comes from a "local agent of the company, upon information communicated to him by the assured," it is sufficient; and that even in cases where the policy provides that it must be given to the manager "or to some known agent of the company," and the policy had been negotiated through a local agent and the business of the insurer, before the loss was, without notice to the assured, transferred to another company, notice to the local agent is sufficient. Joyce on Insurance, section 537, says that where a foreign insurance company has no general agent in the State, but employs a local agent to represent it, such agent has power to bind the company by waiving a forfeiture or by construing doubtful language in the policy when called on by the insured for information, and cites *Hotchkiss v. Ins. Co.*, 76 Wis. 269, as authority. The same author, in section 583, lays down the rule that "an agent intrusted with policies signed in blank and authorized to fill out and deliver them, may waive proof of loss," and cites in support of the text, *Ins. Co. v. Coates*, 14 Md. 285; *Ins. Co. v. Murray*, 73 Pa. St. 13; *Ins. Co. v. O'Connor*, 29 Mich. 241; *Ide v. Ins. Co.*, 2 Biss. (C. C.) 333; *Trans. Co. v. Ins. Co.*, 34 Conn. 561; *McBride v. Ins. Co.*, 30 Wis. 562. The same author, upon the authority of *Ide v. Ins. Co.*, 2 Biss. (C. C.) 333, states the rule to be that "a local agent who effects the insurance may waive proof of loss." Biddle on Insurance, section 1136, says proof of loss may be waived, as where the insurer or his authorized representative tells the insured not to present such proof. It has been held that an agent who effects insurance, has policies signed in blank, which provide they shall not be valid until countersigned by him, and who issues and countersigns such policies, is a general agent and has power to waive proof of loss. *Railroad v.*

*Ins. Co.*, 105 Mass. 570; *Ins. Co. v. Helfenstein*, 40 Pa. St. 289; *Marsdon v. City, Etc., Ass'n Co.*, 1 Law Rep. C. P. (Eng.) 232; *Kendall v. Ins. Co.*, 2 T. & C. (N. Y.) 375; *Bernero v. Ins. Co.*, 65 Cal. 386; *Ins. Co. v. Perry*, 30 N. E. Rep. (Ind.) 637; *Pennell v. Ins. Co.*, 73 Ill. 303; *Ins. Co. v. Dunmore*, 75 Ill. 14; *Ins. Co. v. McLanathan*, 11 Kan. 538; *Ins. Co. v. Munger*, 49 Kan. 178; *Kahn v. Ins. Co.*, 34 Pac. Rep. (Wyo.) 1059.

In most of the cases, pro and con, the conclusion is stated and no authority referred to or process of reasoning employed. In nearly all of them there was an absence of any specific proof of the power of the local agent, and the decision reached was drawn from the fact that the local agent effected the contract of insurance, countersigned the policy and collected the premiums. In the majority of the cases decided, and by all of the text writers, it is conceded that the local agent, unless restricted by the positive terms of the policy, as is the case here, has authority to waive forfeitures, extend the time for the payment of premiums and the like, but a distinction is drawn between the power of a local agent to vary or waive the terms of the contract, and his power to waive proof of loss, which it is contended, is a different thing from effecting a contract, and involves a different training and character of skill. It is pointed out that one man may be competent to draw the insured into a contract whereby money will flow from his pockets into the coffers of the company, but that man would not be a safe man for the company to trust to transact the business of adjusting a loss, whereby the indemnity promised by the insurer to the insured would have to come out of the treasury of the company and go to the insured who had paid his premiums to secure the protection in case of loss. In some of the cases that deny

the authority of the local agent to waive proof of loss, it is held that where the policy prescribes that proof of loss can only be waived in writing by indorsement on the policy, a parol waiver is insufficient (*Burlington Ins. Co. v. Kennerly*, 31 S. W. Rep. (Ark.) 155; *Smith v. Ins. Co.*, 60 Vt. 682), while the contrary doctrine is announced in *Kahn v. Ins. Co.*, 34 Pac. Rep. 1059, and by all the text writers and by nearly all of the other cases cited on both sides of the proposition, and is supported by the almost universally recognized doctrine that a written contract may be varied or rescinded by a subsequent parol agreement. In *Barre v. Ins. Co.*, 76 Iowa, 609, and in *Hollis v. Ins. Co.*, 65 Iowa, 454, the rule is announced that neither the local agent nor the adjuster has power, without affirmative authority or ratification shown, to waive proof of loss, such power being said to be not necessary to the proper discharge of the duties ordinarily incident to their respective functions. Some of the cases draw a distinction between the power of a local agent of a foreign insurance company, and that of such an agent of a home insurance company. But this distinction is not persuasive, much less convincing.

The conflict among these precedents can not be harmonized. The courts having simply announced conclusions, drawn without any attempt, in most instances, at analysis or logical deduction, from the same premises, they must be accepted as the opinions of the several courts, and not as establishing a scientific legal principle. The undoubted weight of authority sustains the power of the local agent to waive the proof of loss. The cases which deny it, generally concede that power to the adjuster, while the Iowa cases referred to deny the power to both the local agent and the adjuster. The St. Louis Court of Appeals, in *McCollum v. Ins. Co.*, 65 Mo. App. *loc. cit.* 309, follows

*Bowlin v. Ins. Co.*, 36 Minn. 433; *Ins. Co. v. Kennerly*, 31 S. W. Rep. (Ark.) 155; *Smith v. Ins. Co.*, 60 Vt. 682; *Harrison v. Ins. Co.*, 59 Fed. Rep. 732, and says: "We assume that no case can be found where the subsequent statements of a local agent, not being shown to have any authority to adjust losses, were held to be admissible as showing a waiver of proofs." The numerous cases hereinbefore cited show that the court of appeals was not only in error in making this assumption but that, numerically considered, at least, the weight of authority announces the existence of such authority in the local agent. *Albers v. Ins. Co.*, 68 Mo. App. 543, turned upon the right of an adjuster to delegate his authority and to waive proof of loss after the time fixed by the policy for furnishing the proof had expired, and is therefore inapplicable to the questions here involved. In this case the Kansas City Court of Appeals followed *Bush v. Ins. Co.*, 63 N. Y. 531; *Van Allen v. Ins. Co.*, 64 N. Y. 469; *Bowlin v. Ins. Co.*, 36 Minn. 433; *Smith v. Ins. Co.*, 60 Vt. 682; *Lohnes v. Ins. Co.*, 121 Mass. 439; *Engebretson v. Ins. Co.*, 58 Wis. 301; *Burlington Ins. Co. v. Kennerly*, 31 S. W. Rep. (Ark.) 155, and Wood on Insurance, section 429, but as is shown herein, these cases do not constitute the weight of authority on this subject. In *McCullough v. Ins. Co.*, 113 Mo. 606, the proof of loss was delivered by the insured to the local agent, who had issued the policy. The defense was that this did not satisfy the requirement of the policy that proof of loss should be furnished to the company. BURGESS, J., speaking for this court, referred to the fact that there was no provision of the policy as to where the proofs of loss should be delivered, or to whom, and then said: "Elkin" (the local agent) "was at the time of issuing the policy, the agent of defendant, as shown by the indorsement on

it, and as there was no evidence to show to the con-
trary, and that if his agency had ever in fact been
revoked it was brought to the knowledge of plaintiff,
then the delivery to him was delivery to the appellant.
*Franklin v. Ins. Co.*, 42 Mo. 456; *Moore, Assignee, v.
Ins. Co.*, 56 Mo. 343; 2 Wood on Fire Insurance
[2 Ed.], sec. 439, p. 936." Judge BURGESS further
referred to the fact that the plaintiff afterwards met the
adjuster of the company, who told him he was not
ready to settle the loss without having the property
appraised, but made no objection to settling because
proofs of loss had not been furnished, and that an
agreement to appraise the property was entered into
between the plaintiff and the adjuster, and adds that,
"It seems impossible that Butterfield" (the adjuster)
"should not have known at this time that the proofs of
loss had been made out and left with agent Elkin. It
does not appear that he had learned of the loss in any
other way or from any other source, and the conclusion
that he learned it from Elkin is irresistible." (This
case is cited in Ostrander on Insurance [2 Ed.], section
267, as authority on another proposition involved in
that case.) Thus it appears that while the precise
point here involved was not present in that case, it was
decided that the local agent had power to receive proof
of loss, and that a delivery thereof to him was a
delivery to the company; thus holding that the local
agent has some power after loss in the steps to be taken
to adjust the loss. It is true the element of waiver of
the sufficiency of the delivery of proof of loss to the
local agent was involved in the subsequent acts of the
adjuster, acting for the company, but this does not
detract from the reasoning employed in that case.

But is it true that, *prima facie*, the powers of a
local agent are limited to effecting the insurance, coun-
tersigning the policy, collecting the premiums, waiving

forfeitures, extending the time for payment of premiums, and like acts that occur prior to a loss, and that his powers cease the instant a loss is suffered, and then the insured for the first time, must deal directly with the company, or hunt up the adjuster the company usually employs and deal with him? In other words, is the local agent the medium through which the benefits flow to the company, but when the benefits to the insured, which the payment of premiums is commonly supposed to secure, are involved, the powers of the local agent cease, and the insured must, at his peril, and at the risk of making a technical mistake, find some one else to deal with? Ordinarily a principal who clothes an agent with authority to bind him by contracts and to transact the business contracted about, holds such agent out to the world as a general and not a special or limited agent, and all acts of the agent done in the scope of the business are binding on the principal. Such an agent has *apparent* authority. In *Breckinridge v. Ins. Co.*, 87 Mo. *loc. cit.* 70, SHERWOOD, J., said: "And the powers of insurance agents are presumed to be co-extensive with the business intrusted to their care, and are not to be narrowed by restrictions and limitations not communicated to the party who claims the acquisition of rights through the acts of the agent." There is neither reason nor logic in the theory that, *prima facie*, the powers of such an agent are limited to the business to be transacted prior to the loss and that inure to the benefit of the insurer. *Non constat*, that such agent has not the ability or the honesty to adjust a loss or to represent the insurer when the insured's benefits arise. Such reasoning assumes that such an agent has training, skill, cunning or trickery enough to secure large policies and corresponding premiums for the company, even though the property insured is not worth the amount it is insured

for, but that in case of loss he will be influenced by local surroundings in fixing the value of the property insured higher than some other representative of the company would do, and thereby cause the company to do equal justice to the insured. Such arguments ought not to be even suggested by reputable insurance companies, and in States like ours which require the face of the policy to be paid in case of total loss (R. S. 1889, sec. 5897) they are especially out of place. If insurance companies doubt the ability or honesty of these local agents to represent them after loss, they should distinctly provide in their policies to whom and where the proofs of loss should be sent. The courts ought not to be asked to indulge presumptions of want of authority in such local agents, to aid the insurers in technically avoiding liability after the rich harvest of years of premiums have been garnered and enjoyed.

The weight of authority, of analogy, and of reason and justice supports the authority of such local agents to waive proofs of loss, either in writing or by parol or by matters *in pais* which amount to an estoppel. There was ample evidence in this case of a parol waiver and of an estoppel, and the judgment of the circuit court was correct.

II. Defendant insists, however, that the petition alleged that proofs of loss were furnished, and that no waiver was pleaded and hence evidence of waiver was improperly admitted over its objection. The rule has long been otherwise in this State, and it has been uniformly held that proof of waiver is admissible under an allegation that all the conditions of a policy had been complied with. *McCullough v. Ins. Co.*, 113 Mo. loc. cit. 616, citing *Ins. Co. v. Kyle*, 11 Mo. 278; *Russell v. Ins. Co.*, 55 Mo. 585; *Okey v. Ins Co.*, 29 Mo. App. 105; *Travis v. Ins. Co.*, 32 Mo. App. 198;

*Maddox v. Ins. Co.*, 39 Mo. App. 198; *Roy v. Boteler*, 40 Mo. App. 213.

Our conclusion is that the judgment of the Kansas City Court of Appeals should be reversed, and that of the circuit court should be affirmed. It is so ordered. All concur.