JOHN H. TURNER, Respondent, v. THE PROVI-
DENCE-WASHINGTON INSURANCE COMPANY,
Appellant.

St. Louis Court of Appeals, December 18, 1900.

1. **Insurance:** FORFEITURE OF POLICY OF INSURANCE: IN-
SURANCE AGENT: NOTICE OF OVER-INSURANCE. An agent
of an insurance company who takes out other insurance on property
for another company upon which he has previously procured insur-
ance, becomes thereby the medium of notice of that fact to the first
insurer, who can not afterwards defend on that ground, not hav-
ing availed itself of the privilege to cancel or forfeit the policy for
such over-insurance.

2. ——— : ——— : EVIDENCE. In the case at bar there was no error
in the ruling of the trial court in refusing to exclude from its view
evidence tending to show knowledge by defendant of the additional
insurance effected by its agent, and the failure on the part of de-
fendant to declare a cancellation of the policy for that reason.

Appeal from the St. Louis City Circuit Court.—*Hon.*
*Horatio D. Wood,* Judge.

AFFIRMED.

*E. S. Robert, Douglas W. Robert* for appellant.

(1) The condition in the policy against other insurance,
unless the agreement was indorsed on or attached to the
policy, is a valid condition. Rothschild v. Ins. Co., 74 Mo.
41; Dietz v. Ins. Co., 38 Mo. 85; Wolf v. Ins. Co., 75 Mo.
App. 337. (2) There must be both knowledge and acquies-
cence to constitute a waiver. Johnson v. Lowe, 72 Mo. 637;

Haysler v. Owen, 61 Mo. 270; Reithmueller v. Ins. Co., 20 Mo. App. 246. (3) There was no notice, but merely an inquiry as to the terms of the policy. This was insufficient. Hayward v. Ins. Co., 52 Mo. 181-195; Gardner v. Ins. Co., 58 Mo. App. 611.

*B. O. Davidson, A. R. Russell* for respondent.

(1) The defendant can not avail itself of a condition in its policy against other insurance when its agent was also the agent of the other underwriter and as such issued the policy for the other insurance. McCallum v. L. L. & G. Ins. Co., 67 Mo. App. 66; Hamilton v. Home Ins. Co., 94 Mo. 353; McCallum v. Hartford Ins. Co., 67 Mo. App. 96; Horwitz v. Ins. Co., 40 Mo. 557. (2) Notice of the additional insurance having been given to the chief clerk of the general agent of defendant, whose duties as such clerk were "to transact all business relating to insuring risks," "receiving proofs of loss," "notices, etc.," constitutes notice to the company. Continental Ins. Co. v. Ruckman, 127 Ill. 367; Lingenfelter v. Phoenix Ins. Co., 19 Mo. App. 252; Bennett v. Council Bluffs Ins. Co., 70 Iowa 600; James v. Ins. Co., 148 Mo. 1; May v. Western Assurance Co., 27 Fed. 261; Baile v. St. Joseph Ins. Co., 73 Mo. 385; Pilkington v. National Ins. Co., 55 Mo. 173. (3) On the question of notice we cite further the following. 2 Wood on Insurance, sec. 382; Hanna v. Insurance Co., 56 Mo. App. 582; Cromwell v. Ins. Co., 47 Id. 109; Trundle v. Ins. Co., 54 Id. 197.

BOND, J.—This suit is upon a fire insurance policy for $1,200. The allegations are, total loss of the property, and due notice thereof to defendant, who refused to pay. The defense is, the taking out of other insurance contrary to a

provision of the policy avoiding it on that account, unless provided for by agreement "indorsed or added" to said policy. The reply averred a waiver of such condition. The case was submitted to the court, and judgment given for plaintiff. Defendant appealed and assigns for error the refusal of certain declarations of law requested by it, to the effect that there was no proof of waiver of the policy provision set up in the answer.

The evidence tended to show that the defendant, a non-resident corporation, had two representatives in this state, the one authorized to execute policies of insurance, and the other, W. S. Drozda, who was authorized to procure policies of insurance, deliver the same to the assured, collect the premiums therefor, and, after deducting his commissions, turn over the remainder to the use of the defendant. It was this agent who procured the policy in suit, collected the premiums thereon, and it was he, also, who procured additional insurance upon the property from another company. This agent testifies that he notified both the insurance companies of his action in this respect; that the notice to defendant was through a communication to the chief clerk in charge of the office of its signatory representative. He further testifies that he had represented the defendant for a long time and had procured for it more than one hundred policies; that he knew it to be the custom of defendant to insert in the dwelling house clause of its policies a provision permitting other insurance; that he did not have the policy in suit in his possession (having previously delivered it to plaintiff) when he gave notice of the additional insurance, but that he wanted to be sure at that time that it contained the customary provision, therefore he inquired on this point, and said the party replied "all our forms have other insurance permitted." Under this proof, and in view of the further fact that the

defendant at no time and in no manner took any steps looking to a cancellation and forfeiture of the policy in suit, there can be no doubt as to the right of the plaintiff to a finding by the trier of the facts upon the issue of waiver of the policy provision relied on in the answer. Many of the cases in the appellate courts of this state cited by the learned counsel in support of a contrary view, have been expressly overruled by the supreme court, which tribunal in its recent rulings has distinctly affirmed the doctrine that an agent, such as the witness was shown to be, who takes out other insurance on property upon which he has previously procured insurance, becomes thereby the medium of notice of that fact to the first insurer, who can not afterwards defend on that ground, not having availed itself of the privilege to cancel or forfeit the policy for such *over*-insurance. Hamilton v. Ins. Co., 94 Mo. l. c. 368; Nickell v. Ins. Co., 144 Mo. 420; Springfield Steam Laundry Company v. Ins. Co., 151 Mo. l. c. 99; McCollum v. Fire Ins. Co., 67 Mo. App. l. c. 77-78; McCollum v. Ins. Co., 67 Mo. App. l. c. 71; Bush v. Missouri Town Mutual Ins. Co., 3 Vol. Missouri Appellate Reporter, page 570. It follows that there was no error in the ruling of the trial court in refusing to exclude from its view the foregoing evidence tending to show knowledge by defendant of the additional insurance effected by its agent, and failure on the part of defendant to declare a cancellation of the policy for that reason.

The judgment is affirmed. All concur.