ELLA GORTON, Respondent, v. MILWAUKEE MECHANICS' INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1905.

1. **INSURANCE: Other Insurance: Stipulation: Waiver.** Where an agent issuing a policy thereafter verbally gives consent for additional insurance, the stipulation requiring such consent indorsed on the policy is waived.

2. **APPELLATE PRACTICE: Credibility of Witnesses: Conclusiveness of Fact.** Issues of fact are settled conclusively in the trial court and it is only an absence of substantial evidence that authorizes the interference of the appellate court.

Appeal from Ray Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

AFFIRMED.

*Fyke & Snider* for appellant.

(1) Plaintiff's testimony, when impeached as it was by her own affidavit and the testimony of her own witnesses, should have been considered as eliminated from the case, and if eliminated, there is no evidence to support the judgment. State v. Huff, 161 Mo. 487; State v. Packwood, 26 Mo. 340; State v. Primm, 98 Mo. 373. (2) Our demurrer should have been sustained because there is no evidence to sustain the allegations of plaintiff's petition or the verdict. Miner v. Procter & Gamble Co., 81 Mo. App. 410; Friesz v. Fallon, 24 Mo. App. 439; Holt v. Morton, 53 Mo. App. 187; Garrett v. Greenwell,

Gorton v. Milwaukee Ins. Co.

92 Mo. 125; Spohn v. Railway, 87 Mo. 74; Whitsett v. Ransom, 79 Mo. 258; Vining v. Ins. Co., 89 Mo. App. 319.

*Frank P. Divelbiss* and *C. T. Garner & Son* for respondent.

(1) Prior to the taking out of the additional insurance, plaintiff notified defendant's local agent of her intention to do so, and he orally consented to the same, and assured her that the company would make no objections thereto; after the additional insurance was taken out, said agent was notified thereof, but made no objections thereto; this agent had full authority under our decisions to waive the written conditions of the policy as to additional insurance, being in all things, the *alter ego* of the company. Thomson v. Ins. Co., 169 Mo. 12, and authorities there cited. (2) Authorities have held, that where it is understood between the insured and the agent of the company, that the former intends to secure additional insurance, a provision in the policy forbidding the insurance will be deemed waived. McCabe v. Ins. Co., 14 Hun 599; Ins. Co. v. McLemore, 7 Texas Civ. App. 317; Carpenter v. Ins. Co., 61 Mich. 635. (3) Where, as in this case, the cause is tried by the court sitting as a jury, the appellate court will not reverse his findings unless it is satisfied he acted arbitrarily, under the influence of passion or prejudice. Ellis v. Railroad, 89 Mo. App. 241; Ratcliff v. Lumpee, 82 Mo. App. 335; Gannon v. Gas Co., 145 Mo. 502.

ELLISON, J.— This action is founded upon a policy of fire insurance for $1,000, issued by defendant to the plaintiff on her building in the town of Orrick. Plaintiff recovered in the trial court.

The policy contained a provision against additional insurance except it be by written consent indorsed on the policy. Plaintiff took out other insurance without such consent. But there was evidence in her behalf tend-

ing to show verbal consent of defendant's agent to whom she applied for insurance, and who issued her the policy in suit. It is now the established law in this State that such consent waives the provisions of the policy requiring that it should be indorsed on the policy. [Thompson v. Ins. Co., 169 Mo. 12; Laundry Co. v. Ins. Co., 151 Mo. 90; Nickell v. Ins. Co., 144 Mo. 420.]

The appeal is based on the question of credibility of the evdence in plaintiff's behalf. The defendant strongly urges that by the judgment it has been made the victim of an unjust claim. But this court is not the place to determine such question. Issues of fact are settled conclusively in the trial court. It is only when the evidence is such as to leave no substantial question of fact, that we are authorized to interfere. If full credit was given to the testimony of the plaintiff then, under the law above stated, she was entitled to recover. The judgment must be affirmed. All concur.